The plaintiffs, Harlon Pinyan and Priscilla Pinyan, appeal from summary judgments entered in favor of the defendant, Community Bank, on their claims alleging breach of contract and fraud. We affirm in part and reverse in part.
 I.
The Pinyans' allegations relate to conversations they had with Hodge Patterson, the "city president of Community Bank of Arab," involving their application for a loan to purchase their daughter's home, on which Community Bank held a mortgage that was in *Page 921 
default. By seeking to purchase the home, the Pinyans were attempting to help their daughter and son-in-law, Diana and Steve Street, who had filed a Chapter 7 bankruptcy petition on March 3, 1992.
On March 23, Community Bank filed a motion to lift the automatic stay enjoining it from proceeding against the Streets. Community Bank requested the Streets to reaffirm the loan secured by the real estate mortgage and also to reaffirm two loans secured by automobiles they owned. Steve Street obtained a loan application from Community Bank and gave the application to the Pinyans so they could apply for a loan to purchase the Streets' home. After the Pinyans completed the loan application, Steve Street returned it to Community Bank.
On March 27, 1993, the Pinyans met with Patterson to discuss their purchase of the Streets' home and the details of the loan. During this meeting, the Pinyans allege, Patterson made several misrepresentations to the Pinyans: (1) that the Pinyans would be permitted to buy the Streets' home for the balance on the Streets' loan, regardless of the Streets' decision on whether to reaffirm their three loans with Community Bank, (2) that his approval was all that was needed in order to finalize the purchase agreement, (3) that the Pinyans could make improvements on the property in lieu of a down payment, (4) and that the Pinyans could immediately begin work making those improvements to the property.
On the day following their meeting with Patterson, the Pinyans paid the taxes on the property, procured insurance on the property, and began making improvements to the property. The Pinyans claim that they spent approximately $12,000 on improvements to the property. Ultimately, the Streets decided not to reaffirm all their loans with Community Bank, and on April 2, 1993, the day of the Streets' bankruptcy hearing, Patterson was informed of the Streets' decision. On April 16, Patterson informed the Pinyans by letter that their loan application had been rejected because of the "[i]nability of [the] sellers to convey clear title to [the] purchasers." After the automatic stay was lifted on April 23, Community Bank foreclosed on the property and purchased it at the subsequent foreclosure sale. In November 1992, the bank sold the property to another party.
The Pinyans sued Community Bank, alleging fraud, outrage, and breach of contract. The trial court entered a summary judgment in favor of Community Bank on the fraud and outrage claims, stating that there was no evidence of outrage and that the Pinyans had not presented substantial evidence that Community Bank's agent, Patterson, intended not to perform when the representation was made. Subsequently, the trial court entered a summary judgment in favor of Community Bank on the breach of contract claim. The Pinyans appeal, arguing that they presented substantial evidence creating genuine issues of fact as to the fraud and breach of contract claims, so that the summary judgments were improper as they related to those claims. The Pinyans have not appealed as to their outrage claim.
 II.
In order to enter a summary judgment, the trial court must determine that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, A.R.Civ. P.; Bussey v. John Deere Co.,531 So.2d 860 (Ala. 1988). This case was filed after June 11, 1987; accordingly, the "substantial evidence rule" applies to the ruling on the motion for summary judgment. Ala. Code 1975, § 12-21-12; Bass v. SouthTrust Bank of BaldwinCounty, 538 So.2d 794 (Ala. 1989). In order to defeat a properly supported motion for summary judgment, the nonmovant must present in support of his position substantial evidence creating a genuine issue of material fact. Betts v.McDonald's Corp., 567 So.2d 1252 (Ala. 1990). "[S]ubstantial evidence is evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. ofFlorida, 547 So.2d 870, 871 (Ala. 1989). However, in reviewing a summary judgment, this Court is bound to review the evidence in a light most favorable to the nonmovant or nonmovants, in this case the Pinyans. Thetford v. Cityof *Page 922 Clanton, 605 So.2d 835 (Ala. 1992); Hanners v.Balfour Guthrie, Inc., 564 So.2d 412, 413 29(Ala. 1990).
 III.
Hodge Patterson testified by deposition that before he met with the Pinyans he had reached an agreement with the Streets whereby the Streets would reaffirm all their debts to Community Bank. Patterson further testified that during his meeting with the Pinyans, they did not discuss the possibility of the Pinyans' buying the property from the bank; Patterson stated that the Pinyans mentioned buying the property via a deed in lieu of foreclosure, but that he told the Pinyans that if the automatic stay was lifted, Community Bank could prepare a deed from the Streets to the Pinyans. Patterson testified that during his meeting with the Pinyans, he told the Pinyans that if they wanted to begin improvements to the property, that was strictly between the Pinyans and the Streets because Community Bank did not own the property. Patterson stated that because the Pinyans did not have cash for a down payment on the property, the Pinyans were going to improve the property "for [their] equity." Patterson also testified that the day after his meeting with the Pinyans, he submitted a title insurance request to Community Bank's legal department and requested that the legal department "prepare a deed where the Pinyans would be the borrowers and the Streets would be the sellers and they would purchase the property from them."
Patterson testified that he later learned from Community Bank's in-house counsel that the Streets did not want to reaffirm all three loans with Community Bank, as he had believed, and that at that time he assumed that there had been a misunderstanding during the meeting he had had with the Pinyans. He testified that it was his conclusion that the Pinyans "just decided not to do it, so [he] canceled the title insurance request and put the loan in [his] pending file."
In contrast, Steve Street testified by deposition that the Streets had never agreed to reaffirm all three loans with Community Bank. Priscilla Pinyan testified in her deposition that during the Pinyans' meeting with Patterson, Patterson told them that there were three ways the Pinyans could take title to the property. Priscilla stated that Patterson told them that one way would be that if the Streets "went through with the bankruptcy," the Streets would convey the property to Community Bank in lieu of foreclosure, and then Community Bank would convey it to the Pinyans. She stated that Patterson told the Pinyans that a second way would be that if the Streets "did not go through" bankruptcy, the Pinyans could just assume the Streets' mortgage. Priscilla Pinyan testified that she could not recall the third way, but that Patterson did tell the Pinyans that the third way would take longer.
Harlon Pinyan testified in his deposition that when the Pinyans met with Patterson, he did not know whether it was Community Bank or the Streets that owned the property. He testified that during the meeting the parties never talked about the Pinyans' assuming the Streets' loan, but that they all understood that the Pinyans would be purchasing the home. He further testified that Patterson told him and his wife that there would not be a problem with their working on the property and that Patterson did not tell them that any improvements they made on the house would be a matter between them and the Streets.
 IV.
In entering a summary judgment for Community Bank on the Pinyans' breach of contract claim, the trial court held that there was no genuine issue as to any material fact and that Community Bank was entitled to a judgment as a matter of law. See Rule 56, A.R.Civ.P. The basic elements of a contract are an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement. Strength v. AlabamaDep't of Finance, Div. of Risk Management, 622 So.2d 1283
(Ala. 1993). The testimony was conflicting as to whether Community Bank and the Pinyans reached an agreement that the Pinyans would make improvements to the Streets' home and that those improvements would be accepted as *Page 923 
the Pinyans' down payment on the property, and the testimony was conflicting as to whether Community Bank had placed the property in the Pinyans' possession in order for them to make the improvements. Thus, there is a genuine issue of material fact as to whether the parties formed a contract and as to what the terms of that contract would be. We conclude that the trial court erred in entering the summary judgment on the Pinyans' breach of contract claim.
 V.
In entering the summary judgment on the Pinyans' allegation of fraud, the trial court stated: "The court does not find . . . any evidence that would satisfy the 'substantial evidence' requirement that defendant's agent Patterson intended not to perform when the representation was made." Thus, the trial court's summary judgment related solely to the Pinyans' allegation of promissory fraud involving Patterson's alleged promise that the bank would not foreclose on the Streets' property and that the Pinyans would be allowed to purchase it.
However, a fair reading of the Pinyans' complaint shows that in addition to promissory fraud, they also alleged ordinary fraud, or misrepresentation of present facts other than Patterson's present intent not to perform according to his promise to complete the loan. They alleged that Patterson represented to them that it did not matter to the Pinyans' transaction with Community Bank to purchase the property whether the Streets reaffirmed their three loans and that Patterson's approval was all that was needed for the Pinyans' agreement with the bank to be finalized. In their brief in opposition to Community Bank's motion for summary judgment, the Pinyans clearly noted to the trial court that their complaint alleged misrepresentation of present facts in addition to promissory fraud. In that brief, the Pinyans stated: "Defendant relies heavily on the fact that some of the misrepresentations were mere promises for the future. However, in the instant case, there were not only promises for the future, there weremisrepresentations as to existing fact." (Emphasis added.) Because the Pinyans' complaint alleged both ordinary fraud and promissory fraud, we address each fraud claim in turn.
It is well established that the elements of fraud are: (1) a false representation; (2) of an existing material fact; (3) that is justifiably relied upon; and (4) damage resulting as a proximate cause. McCullough v. McAnalley,590 So.2d 229 (Ala. 1991); Country Side Roofing Sheet Metal, Inc. v.Mutual Benefit Life Ins. Co., 587 So.2d 987 (Ala. 1991). Viewed in a light most favorable to the Pinyans, their deposition testimony constitutes "substantial evidence" that Patterson represented to them that whether the Streets reaffirmed their loans with Community Bank or continued through the bankruptcy process was immaterial to the Pinyans' transaction with the bank. Yet, it is uncontested that Community Bank actually had a fixed policy regarding reaffirmation of loans to persons involved in bankruptcy proceedings and that that policy was beyond Patterson's control; that fact would make Patterson's alleged representation false. The Pinyans also offered substantial evidence to show that in justifiable reliance on Patterson's alleged representation of an existing material fact, they spent a substantial amount of money and time repairing and improving the Streets' home. Accordingly, we conclude that the trial court erred in entering the summary judgment as to the Pinyans' claim of ordinary fraud.
In order to establish promissory fraud, a plaintiff must show: (1) a false representation; (2) of an existing material fact; (3) that is justifiably relied upon; (4) damage resulting as a proximate cause, and that, (5) at the time of the misrepresentation, the defendant had the intention not to perform the promised act and (6) that the defendant had an intent to deceive. Triple J Cattle, Inc. v. Chambers,621 So.2d 1221 (Ala. 1993).
Thus, evidence of Patterson's intent at the time he allegedly misrepresented to the Pinyans that Community Bank would not foreclose on the property and that the Pinyans would be allowed to purchase it is critical to the Pinyans' promissory fraud claim. The mere fact that Community Bank failed to perform as they allege Patterson *Page 924 
promised it would is insufficient by itself to prove a fraudulent intent. Marshall Durbin Farms, Inc. v.Landers, 470 So.2d 1098 (Ala. 1985). Although circumstantial evidence may be used to prove fraudulent intent, it must be of such quality that "the jury, as reasonable persons, may fairly and reasonably infer the ultimate fact to be proved." Marshall Durbin Farms, 470 So.2d at 1101. See United Companies Financial Corp. v. Brown,584 So.2d 470 (Ala. 1991); Vance v. Huff, 568 So.2d 745
(Ala. 1990).
Viewing the evidence in a light most favorable to the Pinyans, we conclude that they failed to present substantial evidence that, at the time of Patterson's alleged misrepresentation, which was made before the Streets decided not to reaffirm all three loans, Patterson intended not to sell the property to the Pinyans or that he intended to deceive them. Thus, the trial court properly entered the summary judgment on the Pinyans' promissory fraud claim.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ALMON, SHORES, KENNEDY, INGRAM and COOK, JJ., concur.
HOUSTON and STEAGALL, JJ., concur in part and dissent in part.