MONROE, Judge.
This is an appeal from a summary judgment in favor of Alabama Power Company based on an indemnity provision in a purchase order. This case was deflected to this court by the Supreme Court, pursuant to § 12-2-7(6), Ala.Code 1975.
On June 29, 1994, Holland Manufacturing Company, Inc., was providing crane services for Alabama Power at its Farley Nuclear Plant when Holland’s crane was damaged. At' that time, Alabama Power, through its operating agent, Southern Nuclear Operating Company, often engaged the services of independent contractors to supply large equipment and operate the equipment. In November 1994, Holland sued Alabama Power, alleging that Alabama Power had negligently misrepresented the weight of a pump motor that was being moved by the crane owned by Holland, and thereby had caused the crane to be damaged.
Alabama Power moved for a summary judgment, on the ground that Holland’s claim was barred by specific provisions in the “blanket purchase order,” which Alabama Power claimed controlled the parties’ relationship. These provisions exempted Alabama Power from “any loss or damage” to Holland’s equipment. The trial court subsequently entered a summary judgment in favor of Alabama Power. Holland appeals.
Holland contends that there is a genuine issue of material fact concerning the enforceability of the terms and conditions set forth in the “blanket purchase order” and that the trial court erred in entering the summary judgment in favor of Alabama Power based on the provisions of the “blanket purchase order”.
A motion for summary judgment may be granted only when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Pinyan v. Community Bank, 644 So.2d 919 (Ala.1994). Rule 56 is read in conjunction with the substantial evidence rule, § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. Id. To defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., “'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact *64 sought to be proved.’ ” Pinyan, 644 So.2d at 921. In reviewing a summary judgment, this court must view the evidence in a light most favorable to the nonmovant. Id.
The record reveals that Alabama Power contacted Holland about the possibility of providing crane services for Alabama Power and that Holland responded favorably to the idea. Steve Holland, vice-president of Holland, stated in his affidavit that he then sent Alabama Power a rate schedule and that Rozell Harris, contract agent for Southern Nuclear, sent him a “blanket purchase order,” which would allow Alabama Power employees at Farley Nuclear Plant to contact Holland directly for crane services in the future. Holland said he did not discuss any of the terms and conditions of the purchase order with Harris.
The purchase order consists of nine pages. The first eight pages contain fairly large print, but the last page, entitled “Terms and Conditions” is in very small print. A sentence at the bottom of the front page reads, “By accepting and filling this order or any part thereof, the seller agrees to and shall be bound by the terms and conditions on the last page.” Alabama Power contends that the last page contains a clause exempting it from any liability for damage to Holland’s property, including damage caused by Alabama Power’s own negligence. That page is illegible in the record. However, a clause appearing earlier in the purchase order reads:
“It is agreed that purchaser and its agents, servants and employees shall be held harmless by seller for any loss or damage to tools, equipment, property and materials of seller and its subcontractors, their servants and employees, it being understood that seller may at its own expense carry any insurance which may be required to provide necessary protection against such loss or damage.”
Alabama Power contends that, by providing the crane services at Farley Nuclear Plant after receiving the purchase order, Holland accepted the terms of the purchase order and is, therefore, bound by its terms and conditions.
We note that “[t]he basic elements of a contract are an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement.” Pinyan, supra, at 922. Holland contends that there was no mutual assent to the essential terms of the agreement.
A contract against the consequences of one’s own negligence is valid and enforceable if the agreement is entered into intelligently, knowingly, and evenhandedly, and for valid consideration, and if the agreement is expressed in clear and unequivocal language. Nationwide Mutual Ins. Co. v. Hall, 643 So.2d 551 (Ala.1994). Such a contract need not contain specific language referring to the negligence of the party to be indemnified in order to be valid and enforceable. Id.
“The existence ... of a contract is determined by reference to the reasonable meaning of the parties’ external and objective manifestations of mutual assent. Conduct of one party from which the other may reasonably draw the inference of assent to an agreement is effective as acceptance.” Deeco, Inc. v. 3-M Co., 435 So.2d 1260 (Ala.1983).
Holland’s actions in providing crane service to Alabama Power after receiving the blanket purchase order reasonably indicated its acceptance of the terms of the purchase order. The language quoted above from the purchase order is sufficient to indemnify Alabama Power from the consequences of its own negligence. The language of the agreement and the nature and actions of the parties give us no reason to conclude that they did not knowingly and evenhandedly enter into a contract indemnifying Alabama Power from the consequences of its own negligence. The trial court properly entered the summary judgment in favor of Alabama Power, based on the provisions in the blanket purchase order.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.