ROBERTSON, Presiding Judge.
Mary Jane Tiller and Donald R. Nelson entered into a lease agreement in 1990, whereby Nelson agreed to lease a building situated on a 110' x 400' lot to Tiller for a term of five years, with Tiller having the option to purchase the property at any time during the term of the lease. On March 1, 1994, Tiller requested that Nelson extend the term of the lease so that she would qualify for a business loan from her bank. Nelson agreed to extend the term of the lease in exchange for an increase in the rent and a modification of the size of the lot. Tiller agreed to the changes and signed a document *1097 prepared by Nelson that purportedly recorded the changes agreed upon.
Nelson sought to annul the lease on June 10,1994, contending that Tiller had violated a condition in the lease that required her to properly maintain the property and to purchase “adequate liability insurance coverage, naming [Nelson] as co-insured.” On June 11, 1994, Tiller attempted to exercise her purchase option under the lease by delivering to Nelson a contract for sale along with a check for $1,000 as earnest money. Nelson refused to honor the purchase option, insisting that he had terminated the lease.
Nelson filed an eviction action against Tiller in the Baldwin County District Court. Thereafter, Tiller filed a complaint against Nelson in the Baldwin County Circuit Court; count one of Tiller’s complaint sought a declaration of her rights under the lease, and count two sought specific performance of her option to purchase the leased property. Tiller subsequently amended her complaint to allege fraud and misrepresentation (count three), and she requested a jury trial.
Upon agreement of the parties, a consent judgment was entered against Tiller in the eviction action. Tiller appealed that judgment to the circuit court and her appeal was consolidated with her pending circuit court action. After the consolidation, Nelson filed a motion for summary judgment, with a supporting narrative statement, on counts one and two of Tiller’s complaint. Nelson also filed a motion for summary judgment in his eviction action. On March 20, 1995, the trial court granted both motions for summary judgment. The trial court subsequently denied Tiller’s motion to alter, amend, or vacate the judgments.
Tiller amended her complaint a second time on April 13, 1995, adding claims for wrongful eviction (count four) and abuse of process (count five). Nelson moved to strike the amended complaint; the trial court granted his motion on May 5, 1995. Tiller’s motion to alter, amend, or vacate the trial court’s judgment was denied.
On July 18, 1995, the trial court entered a summary judgment for Nelson on Tiller’s fraud claim (count three), thereby disposing of the only remaining issue.
Tiller appeals the summary judgment on count one (declaratory judgment), count two (specific performance), and count three (fraud) of her complaint and the order striking the second amended complaint. Tiller also appeals the summary judgment for Nelson in the eviction action.
An appellate court reviewing a summary judgment uses the same standard used by the trial court. Southern Guaranty Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989). A summary judgment is proper when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala.R.Civ.P. Like the trial court, the appellate court views the evidence and resolves all reasonable doubts in favor of the nonmovant. Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala.1990). The burden is on the movant to show that there exists no genuine issue of material fact; however, once a party moving for a summary judgment makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmovant to rebut the prima facie showing. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992). After the movant has made a prima facie showing that he is entitled to a judgment as a matter of law, the opposing party must show by substantial evidence that there is a genuine issue of material fact that would require a resolution by a factfinder. Johnson v. Citizens Bank, 582 So.2d 576 (Ala.Civ.App.1991).

I. Declaratory Judgment and Specific Performance

Count one of Tiller’s complaint sought a declaration of her rights under the lease. Specifically, Tiller asked the trial court to determine the validity of the lease, to define the valid terms of the lease as modified on March 1, 1994, and to determine if she had properly exercised her purchase option. Count two sought specific performance of the *1098 purchase option. The trial court, without specifically addressing any of Tiller’s requests, entered an order stating, in pertinent part, that “there is no genuine issue of material fact and ... Donald R. Nelson is entitled to judgment as a matter of law as to Counts one (Declaratory Judgment) and two (Specific Performance) of the plaintiff’s complaint.” The practical effect of this order was to invalidate the lease because of Tiller’s failure to provide liability insurance and to nullify Tiller’s attempt to exercise the purchase option.
In determining the validity of the lease, we must consider whether Nelson waived his right to strict compliance with the terms of the lease. “Whether there [has been] a waiver of strict compliance is a question of fact, [and] the burden of proof [rests] upon the party relying on the waiver.” B.K.W. Enterprises v. Tractor & Equip. Co., 603 So.2d 989, 992 (Ala.1992) (quoting Killen v. Akin, 519 So.2d 926, 929 (Ala.1988)).
The lease between Nelson and Tiller required that Tiller “maintain adequate liability insurance coverage, naming [Nelson] as a co-insured.” In his deposition, Nelson testified that Tiller had “never” provided liability insurance coverage on the leased property and that he had never received notice of insurance. Nelson also testified that in the four and one-half years before Tiller filed her complaint, he never talked to her about the insurance required by the lease.
The lease also stated that Tiller was to use the building to operate “a laundry and for no other different object or purpose.” Nevertheless, Nelson testified that he knew that Tiller was operating a “baby bed business” and that he had not objected to this violation of the lease. Nelson further testified that Tiller violated the terms of the lease because, he said, she did not properly maintain the building and grounds. Again, Nelson testified that he had never talked to Tiller about this alleged violation of the lease.
The foregoing facts constitute substantial evidence from which a jury could determine that Nelson had waived his right to strict compliance with the terms of the lease. Therefore, we hold that the trial court erred by entering the summary judgment on count one of Tiller’s complaint.
Because we hold that a question of fact remains concerning the validity of the lease, the summary judgment as to count two, specific performance of the purchase option, cannot be supported on the basis that the lease was invalid. Moreover, we note that questions of fact exist as to whether Tiller validly exercised the purchase option. Accordingly, the summary judgment on count two is due to be reversed. Because the eviction action also turns on the validity of the lease, the summary judgment in the eviction action must also be reversed.

II. Fraud

Tiller also contends that the trial court improperly granted the summary judgment on her fraud claim. “It is well established that the elements of fraud are: (1) a false representation; (2) of an existing material fact; (3) that is justifiably relied upon; and (4) damage resulting as a proximate cause. McCullough v. McAnalley, 590 So.2d 229 (Ala.1991); Country Side Roofing & Sheet Metal, Inc. v. Mutual Benefit Life Ins. Co., 587 So.2d 987 (Ala.1991).” Pingan v. Community Bank, 644 So.2d 919, 923 (Ala.1994). Regarding summary judgments on fraud claims, our supreme court has said that “[w]here the evidence reasonably affords an inference that the plaintiff was defrauded by the misrepresentation [of the defendant], the case is one for the trier of fact.” Baker v. Bennett, 603 So.2d 928, 935 (Ala.1992) (citation omitted).
The fraud alleged by Tiller in her first amended complaint occurred, she says, at the time the lease was modified on March 1, 1994. According to Tiller’s deposition testimony, on March 1, 1994, she and Nelson agreed, orally, to an increase in the rent and to a decrease in the size of the lot from 110' x 400' to 100' x 400'. Nelson then typed a document purportedly evidencing the terms of the agreement. The document was printed by a word processor “in cursive” and stated as follows:
“This is a[n] option on [a] lease dated 27 Feb. 1990, on property located on Ala. *1099 State Hwy. 59: 8330 Hwy 59 north. A 40 x 100 building located on 100 ft. x 200 ft. property. Between Donald R. Nelson and Mary Jane Tiller. This option is to extend lease for three years with a $50.00 per month increase each year.”
Tiller admits to signing the document, but testified that when she signed it she could not read the document completely because she did not have her eyeglasses. Tiller also testified that she believed that the document expressed the terms that she and Nelson had agreed to orally and that she signed the document because she trusted him.
After Tiller and Nelson signed the document modifying the lease, they made a notation on the original lease. The handwritten notation read “lot size 100 x 200” and was initialed by both Tiller and Nelson. However, it is apparent that the “2” in the lot size was marked over another character. Tiller testified that when she initialed the notation, it read “lot size 100 x 400”, but that Nelson changed the “4” to a “2” after she had initialed it. Although Tiller admitted that some time after she had initialed the notation on the lease, she heard Nelson say “Oh, I meant to change that to a ‘2’,” she testified that she “had no idea what he was changing to a ‘2’.” Further, Tiller testified that she and Nelson never specifically discussed reducing the size of the lot to 100' x 200'. Later that same day, Tiller said, she realized the document did not express her understanding of the agreement; that she telephoned Nelson; and that she was unable to reach him. Thereafter, she said, she and Nelson discussed the March 1, 1994, modification to the lease, but never resolved the conflict.
Viewing this evidence in the light most favorable to the nonmovant, Tiller, we find that Tiller presented substantial evidence from which a jury could determine that Nelson’s actions constituted fraud; therefore, we hold that the summary judgment on the fraud claim was improper.

III. Wrongful Eviction and Abuse of Process

Tiller’s second amendment to her complaint, filed April 12, 1995, added claims for wrongful eviction (count four) and abuse of process (count five). Tiller did not request leave of court to file her second amended complaint. On Nelson’s motion, the trial court struck the amendment and subsequently denied Tiller’s motion to alter, amend, or vacate the judgment. The trial court did not state its reason for striking the amendment. On appeal, Tiller contends that the trial judge erred in striking her second amendment to the complaint, because the Alabama Rules of Civil Procedure allow a party to amend a pleading, without leave of court, at any time more than 42 days before the first setting of the case for trial. Rule 15(a), Ala.R.Civ.P. In response, Nelson argues that Tiller’s second amended complaint was properly stricken because, he says, the first setting of the case for trial was April 4,1995, and, therefore, Tiller was required to request and receive leave of the court in order to amend her complaint. See Rule 15(a), Ala. R.Civ.P. After carefully reviewing the record, we can find no indication, other than Nelson’s assertions in his motion to strike the amended eomplaint, that the trial court had set this case for trial. There is no trial date indicated on the case action summary sheet, and the record does not contain an order setting the case for trial. Without some confirmation that the trial judge set the case for trial on a certain date, we cannot hold that the trial court’s decision to strike Tiller’s second amended complaint was proper.[1]
*1100 The summary judgments entered by the trial court and the trial court’s order striking Tiller’s second amended complaint are hereby reversed. Both actions are hereby remanded for further proceedings.
REVERSED AND REMANDED.
THIGPEN and MONROE, JJ„ concur.

. Assuming that Nelson's assertion that the case was first set for trial on April 4, 1995, is true, we note that, in her response to Nelson’s motion to strike, Tiller made a strong showing of good cause justifying leave of court to amend her complaint. Tiller's claims of wrongful eviction and abuse of process arose on March 20, 1995, when the trial court entered a summary judgment in the eviction action on appeal from the district court. As a result, Tiller could not have added these claims more than 42 days before April 4, 1994, the trial date asserted by Nelson. Moreover, Nelson would not have been unduly prejudiced if the trial court had allowed Tiller’s second amendment. Tiller’s second amendment was filed on April 12, 1995, after the alleged April 4, 1995, trial date had passed. Because the case was not tried on the alleged April 4, 1995, trial date, it would have to be heard during the next jury docket, which began in August 1995, over three months from the date that the second amendment was filed.