689 So.2d 65 (1996)
Ex parte HOLLAND MANUFACTURING COMPANY, a corporation, d/b/a Holland Crane Service.
(Re HOLLAND MANUFACTURING COMPANY, INC. v. ALABAMA POWER COMPANY).
1950133.
Supreme Court of Alabama.
September 13, 1996.
Rehearing Denied November 22, 1996.
Wade H. Baxley of Ramsey, Baxley, McDougle & Collier, Dothan, for Petitioner.
Donald R. Jones, Jr., and Cynthia Holland Torbert of Balch & Bingham, Montgomery; and Jere C. Segrest of Hardwick, Hause & Segrest, Dothan, for Respondent.
KENNEDY, Justice.
The plaintiff, Holland Manufacturing Company, d/b/a Holland Crane Service ("Holland"), appealed from a summary judgment in favor of the defendant, Alabama Power Company. The Court of Civil Appeals affirmed. Holland Manufacturing Co. v. Alabama *66 Power Co., 689 So.2d 62 (Ala.Civ.App. 1995). We have granted certiorari review.
A summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Lucas v. Alfa Mutual Insurance Co., 622 So.2d 907 (Ala.1993).
Alabama Power contacted Holland about the possibility of moving a large motor at Alabama Power's Farley Nuclear Plant located near Dothan. At that time, Alabama Power, through its operating agent at the Farley Nuclear Plant, Southern Nuclear Operating Company, often used outside contractors to move large equipment. An employee at the nuclear plant told Holland employees that the motor weighed about 30,000 pounds.
Holland sent a rate schedule for its crane services to the Farley Nuclear Plant. An employee at the Farley Nuclear Plant sent Holland a "blanket purchase order," which would allow Alabama Power employees at the nuclear plant to contact Holland directly for crane services in the future. According to Holland, the employees at the nuclear plant sent the blanket purchase order agreement to Holland so that Farley Nuclear Plant employees would not have to contact Alabama Power's main office in Birmingham when they needed crane services at the plant. It is undisputed that this purchase order was never signed, that no price is set out in the order, and that no terms of the purchase order were ever discussed.
Subsequently, Holland provided crane services for Alabama Power at the Farley Nuclear Plant. Holland's crane was damaged, because the motor weighed 60,000 pounds rather than 30,000 pounds, as Holland had been told. Holland sued Alabama Power, based on the damage to its crane and other equipment.
Alabama Power contended that by providing the crane services at the nuclear plant after receiving the purchase order, Holland accepted all the terms and conditions set out in the order. One of those conditions was that Alabama Power was not liable for any damage or loss to the provider's property, including damage resulting from Alabama Power's negligence. The trial court entered a summary judgment in favor of Alabama Power, and the Court of Civil Appeals affirmed that judgment.
No contract can be formed without an offer, acceptance, consideration, and mutual assent to the terms essential to the contract. Steiger v. Huntsville City Board of Education, 653 So.2d 975 (Ala.1995). Holland contends that there was no mutual assent and, therefore, that the unsigned blanket purchase order with the clause exempting Alabama Power from liability is unenforceable.
As to the lack of signatures on the purchase order, we note that the purpose of a signature on a contract is to show mutual assent and that unless the contract is required by statute to be in writing, it need not be signed, provided it is accepted and acted upon. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297 (Ala.1986). Whether a writing was accepted and acted upon as a contract is a question for a jury. Id.
Holland argues that there was no mutuality of assent as to the terms and conditions in the purchase order. It contends that the mere fact that it attempted to provide the crane services does not show mutual assent to the specific terms in the purchase order.
In opposition to Alabama Power's summary judgment motion, Holland attached the purchase order. The purchase order was a nine-page document. On the last page, in very small print, are certain terms and conditions, including the clause purporting to exempt Alabama Power from liability for damage to Holland's property even if the damage was caused by Alabama Power's negligence. Holland contends that there was never any "meeting of the minds" as to the terms and conditions in the purchase order and that the purchase order was mailed to Holland without any explanation. Holland asserts that there was never any intent on its part to relieve Alabama Power from liability for a negligent act committed by Alabama Power.
*67 We note that contracts against the consequences of one's own negligence are valid and enforceable only "if `the parties knowingly, evenhandedly, and for valid consideration, intelligently enter into an agreement whereby one party agrees to indemnify against the indemnitee's own wrongs.'" Nationwide Mutual Insurance Co. v. Hall, 643 So.2d 551 (Ala.1994) (quoting Industrial Tile, Inc. v. Stewart, 388 So.2d 171, 175-76 (Ala. 1980)).
Holland presented substantial evidence in opposition to Alabama Power's summary judgment motion. Its evidence creates a fact question as to whether the parties formed a valid and enforceable contract. Therefore, we reverse the summary judgment and remand the cause.
REVERSED AND REMANDED.
ALMON, SHORES, HOUSTON, INGRAM, and COOK, JJ., concur.
HOOPER, C.J., and MADDOX, J., dissent.
HOOPER, Chief Justice (dissenting).
On June 29, 1994, while Holland Manufacturing Company was providing crane services for Alabama Power Company at its Farley Nuclear Plant, Holland's crane was damaged. At that time, Alabama Power, through its operating agent, Southern Nuclear Operating Company, often engaged the services of independent contractors to supply large equipment and to operate the equipment. In November 1994, Holland sued Alabama Power, alleging that Alabama Power had negligently misrepresented the weight of a pump motor that was to be moved by the crane owned by Holland and thereby had caused the crane to be damaged.
Alabama Power moved for a summary judgment, on the ground that Holland's claim was barred by specific provisions in the "blanket purchase order." These provisions exempted Alabama Power from "any loss or damage" to Holland's equipment. The trial court entered a summary judgment in favor of Alabama Power. The majority reverses, holding that there is a genuine issue of material fact as to whether the parties formed a valid and enforceable contract.
A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Pinyan v. Community Bank, 644 So.2d 919 (Ala.1994). To defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence creating a genuine issue of material fact; "substantial evidence" is defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); See Pinyan, 644 So.2d at 921. In reviewing a summary judgment, this court must view the evidence in a light most favorable to the nonmovant. Pinyan, 644 So.2d at 921.
Alabama Power contacted Holland about the possibility of Holland's providing crane services for Alabama Power. Holland responded favorably to the idea. Steve Holland, vice-president of Holland, stated in his affidavit that he then sent Alabama Power a rate schedule and that Rozell Harris, contract agent for Southern Nuclear, sent him a "blanket purchase order," which would allow Alabama Power employees at Farley Nuclear Plant to contact Holland directly for crane services in the future. Holland said he did not discuss any of the terms and conditions of the purchase order with Harris.
The purchase order is nine pages long. The first eight pages contain fairly large print, but the last page, entitled "Terms and Conditions," is in very small print. A sentence at the bottom of the first page reads, "By accepting and filling this order or any part thereof, the seller agrees to and shall be bound by the terms and conditions on the last page." Alabama Power contends that the last page contains a clause exempting it from any liability for damage to Holland's property, including damage caused by Alabama Power's own negligence. The record contains an illegible copy of that page. However, a clause appearing earlier in the purchase order reads:
"It is agreed that purchaser and its agents, servants and employees shall be held *68 harmless by seller for any loss or damage to tools, equipment, property and materials of seller and its subcontractors, their servants and employees, it being understood that seller may at its own expense carry any insurance which may be required to provide necessary protection against such loss or damage."
"The basic elements of a contract are an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement." Pinyan, 644 So.2d at 922. A contract against the consequences of one's own negligence is valid and enforceable if the agreement is entered into intelligently, knowingly, and evenhandedly and for valid consideration and if the agreement is expressed in clear and unequivocal language. Nationwide Mutual Ins. Co. v. Hall, 643 So.2d 551 (Ala. 1994).
"[Whether] a contract [exists] is determined by reference to the reasonable meaning of the parties' external and objective manifestations of mutual assent. Conduct of one party from which the other may reasonably draw the inference of assent to an agreement is effective as acceptance." Deeco, Inc. v. 3-M Co., 435 So.2d 1260, 1262 (Ala.1983).
Holland's actions in providing crane service to Alabama Power after receiving the blanket purchase order indicated its acceptance of the terms set out in the purchase order. The language from the purchase order clearly protects Alabama Power against liability based on damage to Holland's equipment. The parties to this contract are not naive consumers. They are businesses that understand the meaning of contract language and that can appreciate the effect of a hold harmless agreement. The summary judgment should be affirmed.
MADDOX, J., concurs.