On June 29, 1994, while Holland Manufacturing Company was providing crane services for Alabama Power Company at its Farley Nuclear Plant, Holland's crane was damaged. At that time, Alabama Power, through its operating agent, Southern Nuclear Operating Company, often engaged the services of independent contractors to supply large equipment and to operate the equipment. In November 1994, Holland sued Alabama Power, alleging that Alabama Power had negligently misrepresented the weight of a pump motor that was to be moved by the crane owned by Holland and thereby had caused the crane to be damaged.
Alabama Power moved for a summary judgment, on the ground that Holland's claim was barred by specific provisions in the "blanket purchase order." These provisions exempted Alabama Power from "any loss or damage" to Holland's equipment. The trial court entered a summary judgment in favor of Alabama Power. The majority reverses, holding that there is a genuine issue of material fact as to whether the parties formed a valid and enforceable contract.
A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; Pinyan v. Community Bank, 644 So.2d 919
(Ala. 1994). To defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence creating a genuine issue of material fact; "substantial evidence" is defined as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co.of Florida, 547 So.2d 870, 871 (Ala. 1989); See Pinyan, 644 So.2d at 921. In reviewing a summary judgment, this court must view the evidence in a light most favorable to the nonmovant.Pinyan, 644 So.2d at 921.
Alabama Power contacted Holland about the possibility of Holland's providing crane services for Alabama Power. Holland responded favorably to the idea. Steve Holland, vice-president of Holland, stated in his affidavit that he then sent Alabama Power a rate schedule and that Rozell Harris, contract agent for Southern Nuclear, sent him a "blanket purchase order," which would allow Alabama Power employees at Farley Nuclear Plant to contact Holland directly for crane services in the future. Holland said he did not discuss any of the terms and conditions of the purchase order with Harris.
The purchase order is nine pages long. The first eight pages contain fairly large print, but the last page, entitled "Terms and Conditions," is in very small print. A sentence at the bottom of the first page reads, "By accepting and filling this order or any part thereof, the seller agrees to and shall be bound by the terms and conditions on the last page." Alabama Power contends that the last page contains a clause exempting it from any liability for damage to Holland's property, including damage caused by Alabama Power's own negligence. The record contains an illegible copy of that page. However, a clause appearing earlier in the purchase order reads:
 "It is agreed that purchaser and its agents, servants and employees shall be held *Page 68 
harmless by seller for any loss or damage to tools, equipment, property and materials of seller and its subcontractors, their servants and employees, it being understood that seller may at its own expense carry any insurance which may be required to provide necessary protection against such loss or damage."
"The basic elements of a contract are an offer and an acceptance, consideration, and mutual assent to the essential terms of the agreement." Pinyan, 644 So.2d at 922. A contract against the consequences of one's own negligence is valid and enforceable if the agreement is entered into intelligently, knowingly, and evenhandedly and for valid consideration and if the agreement is expressed in clear and unequivocal language.Nationwide Mutual Ins. Co. v. Hall, 643 So.2d 551 (Ala. 1994).
"[Whether] a contract [exists] is determined by reference to the reasonable meaning of the parties' external and objective manifestations of mutual assent. Conduct of one party from which the other may reasonably draw the inference of assent to an agreement is effective as acceptance." Deeco, Inc. v. 3-MCo., 435 So.2d 1260, 1262 (Ala. 1983).
Holland's actions in providing crane service to Alabama Power after receiving the blanket purchase order indicated its acceptance of the terms set out in the purchase order. The language from the purchase order clearly protects Alabama Power against liability based on damage to Holland's equipment. The parties to this contract are not naive consumers. They are businesses that understand the meaning of contract language and that can appreciate the effect of a hold harmless agreement. The summary judgment should be affirmed.
MADDOX, J., concurs.