This action was based on claims of fraud and breach of contract under a credit life insurance policy.
Andrew J. Dennis, the husband of the plaintiff, Sarah Dennis, had terminal prostate cancer. Because of his illness, he had difficulty getting in and out of the cab of his small pickup truck. He went to defendant Magic City Dodge, Inc., to buy a new, larger pickup truck. Dennis selected a truck and made arrangements for financing through Magic City Dodge. The plaintiff alleges that Mr. Dennis told the salesman that he had terminal cancer and could not buy a truck unless he could obtain an insurance policy that would pay off his loan if he died.
A credit life policy was arranged through defendant Peninsular Life Insurance Company. Dennis died with a balance remaining on his obligation. Peninsular refused to pay and returned the premiums, claiming that, because Dennis had a preexisting condition and was unemployed when he took out the policy, the policy was voided.
Mrs. Dennis sued Magic City Dodge and Peninsular for both fraud and breach of contract. The trial judge granted summary judgment as to both defendants on both *Page 618 
counts, and Mrs. Dennis brought this appeal.
A threshold question exists about Mrs. Dennis's ability to bring suit. Nowhere in the original complaint, either in the caption or in the body, did she indicate that she was suing in a representative capacity. In count one, she set forth a cause of action for fraud in which she alleged that she negotiated with Magic City Dodge for the purchase of a motor vehicle and that Magic City Dodge made misrepresentations to her concerning credit life insurance on her husband and that she relied on those misrepresentations when she purchased a motor vehicle. In the second count, she claims breach of contract because Magic City Dodge and Peninsular Life Insurance Company refused to pay the benefits of the credit life policy to the beneficiary, AmSouth Bank. The defendants filed answers and motions for summary judgment. Plaintiff then filed an amended complaint striking count one and substituting a new claim for fraud alleging that the misrepresentations were made to her husband and that he had relied on them in purchasing a motor vehicle. The amended complaint also failed to expressly indicate that the plaintiff, Sarah Dennis, was suing in a representative capacity. While one might conclude that the plaintiff was attempting to sue on behalf of her deceased husband, the plaintiff specifically states in her brief that the "suit was not brought by Sarah Dennis in any representative capacity."
The plaintiff characterizes the problem as one of capacity and contends that the defendants waived their right to challenge capacity by failing to comply with A.R.Civ.P. 9(a), which requires that such an issue be raised by specific negative averment. Capacity is the "[l]egal qualification (i.e. legal age) competency, power or fitness." Black's Law Dictionary (5th ed. 1979). "[T]he real party in interest principle is a means to identify the person who possesses the right sought to be enforced. Therefore, the term directs attention to whether plaintiff has a significant interest in the particular action he has instituted. By way of contrast, capacity is conceived to be a party's personal right to litigate. . . ." 6 C. Wright A. Miller, Federal Practice andProcedure § 1542 (1971). "Capacity has been defined as a party's personal right to come into court, and should not be confused with the question of whether a party has an enforceable right or interest or is the real party in interest." Id. at § 1559. If a question of representative capacity were the issue, then the plaintiff's conclusion that the issue was waived would be correct.
However, as previously stated, plaintiff, in her reply brief, asserts that suit is not being brought by her in a representative capacity. Therefore, any question of capacity would revolve around whether Sarah Dennis, individually, has a personal right to come into court. Defendants do not question that, and therefore do not attempt to challenge capacity.[1] What they question is whether she individually has an enforceable right or interest and is therefore the real party in interest. We conclude, based on the pleadings, that she personally has neither.[2] *Page 619 
However, if she was not the real party in interest, summary judgment should not have been granted based upon this ground until she had had an opportunity to substitute the personal representative of her husband as the real party in interest. A.R.Civ.P. 17(a).
While the complaint can still be used as a vehicle to pursue the viable claims of Mr. Dennis, by his personal representative, we note that the fraud claim would not survive, because this complaint was not filed before Mr. Dennis's death. Ala. Code 1975, § 6-5-462; Bates v. L N Employees CreditUnion, 374 So.2d 323 (Ala. 1979).
Section 6-5-462 is not a bar to the contract claim. Summary judgment on the contract claim may have been granted due to the absence of any evidence of a contract with Magic City Dodge or Peninsular. It would be premature to rule on the merits of that claim until the real party in interest has control of the litigation. The summary judgment is affirmed as to the fraud count, but reversed as to the contract count.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
JONES, ALMON, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.
MADDOX and ADAMS, JJ., concur in result.
[1] The separate concurring-in-the-result opinion assumes that the majority opinion proceeds on the assumption that the lack of capacity "affirmatively appears on the face of the pleadings." No such assumption need be made, because we do not reach and therefore do not decide any question concerning capacity.
Plaintiff removes any question as to representative capacity by admitting that she was not suing as a personal representative. As to whether Mrs. Dennis, individually, lacks capacity, no one even attempts to argue that she is underage, mentally incompetent, or otherwise legally unqualified.
[2] There is a suggestion in the separate opinion that the plaintiff in her individual capacity may have standing to sue on the contract as a third-party beneficiary of the credit life insurance policy. The plaintiff has standing "only if the contract was intended for the direct benefit of persons in plaintiffs situation, not their incidental benefit." Davidsonv. Marshall-DeKalb Electric Co-op, 495 So.2d 1058, 1060 (Ala. 1986). The authorities cited in the separate opinion do not support the conclusion that this plaintiff had such a direct interest. The question of whether the plaintiff, individually or as personal representative of her husband's estate, was the proper party was not even presented in Braden v.Republic-Vanguard Life Ins. Co., 657 S.W.2d 241 (Ky. 1983). The pleadings and record in this case do not reflect that she is either the first or second beneficiary of the policy, or a joint owner of the truck or a co-obligor on the debt. At best, she is the beneficiary of her husband's estate.