661 So.2d 203 (1995)
Joyce MILLER, individually and as administratrix of the Estate of Mearl M. Miller, deceased; and Paula Goss, individually
v.
DOBBS MOBILE BAY, INC., et al.
1921552.
Supreme Court of Alabama.
February 24, 1995.
Rehearing Denied May 12, 1995.
*204 Richard D. Bounds of Cunningham, Bounds, Yance, Crowder & Brown, J. Patrick Courtney III of Lyons, Pipes & Cook, P.C., for appellants.
David A. McDonald of William L. Howell, P.A., Mobile, for Ford Life Ins. Co.
M. Lloyd Roebuck, Mobile, for Dobbs Mobile Bay, Inc. d/b/a Treadwell Ford.
INGRAM, Justice.
This case arises out of a refusal to pay benefits under a credit life insurance policy. Specifically, after Mearl Miller's death, Ford Life Insurance Company ("Ford Life") denied payment on his credit life policy because it contended that a health certificate executed by Mr. Miller was false and that he had been in bad health when he purchased the insurance. After Ford Life refused to pay any benefits under the policy, Joyce Miller, as administratrix of the estate of Mearl Miller,[1] and Paula Goss, individually, sued Ford Life and Dobbs Mobile Bay, Inc., d/b/a Treadwell Ford, an automobile dealership ("Treadwell"). The trial court entered summary judgments in favor of Ford Life and Treadwell, and Miller and Goss appealed.
On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact), and that he is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; McClendon v. Mountain Top Flea Market, Inc., 601 So.2d 957 (Ala.1992); Elgin v. Alfa Corp., 598 So.2d 807 (Ala.1992). "The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact." McClendon, at 958; Elgin, at 810-11.
Rule 56 must be read in conjunction with the "substantial evidence rule," § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This Court reviews the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Wilma Corp. v. Fleming Foods of Alabama, Inc., 613 So.2d 359 (Ala.1993). Viewed that way, the evidence before the court on the summary judgment motion suggested the following facts.
On February 28, 1989, Mr. Miller purchased a 1985 Ford LTD Crown Victoria automobile from Treadwell. His daughter, Paula Goss, and Paula's husband accompanied him to the Treadwell dealership and were present during all conversations concerning the negotiations and financing of the car. On all documents executed in connection with the sale of the car, Mr. Miller identified himself as the sole purchaser of the automobile.
During the negotiations concerning the sale of the car, a Treadwell salesman asked Mr. Miller whether he wanted to purchase credit life insurance coverage. Mr. Miller replied that he did not want the coverage and he informed the salesman that he was sick. Mr. Miller was then sent to the Treadwell office to complete the necessary paperwork on the purchase of the car. While in the office, Mr. Miller talked with another Treadwell employee, who represented Ford Life; that employee asked him again about the credit life insurance coverage. Mr. Miller, noting that the form stated that the coverage was optional, answered that he did not want the coverage, and told that employee that he was sick. At that time, the Treadwell employee *205 /Ford Life representative stated that if Mr. Miller did not buy the credit life coverage, he could not buy the car. Mr. Miller responded by stating that he had health problems; however, the Treadwell employee/Ford Life representative indicated that Mr. Miller's health would not be a problem and that the insurance would be effective notwithstanding the state of his health. At that time, Mr. Miller signed the necessary paperwork for the credit life insurance coverage, including a health certificate stating that he was in good health. Approximately four months after purchasing the car, Mr. Miller was diagnosed with lung cancer, and he died approximately eight months later.
Central Bank of the South had financed the purchase of the car and was the primary beneficiary of Mr. Miller's credit life insurance policy. His estate was listed as the secondary beneficiary. Neither Joyce Miller (Mearl Miller's wife) nor Paula Goss was listed as a beneficiary of the policy. Upon Mr. Miller's death, Central Bank filed a claim with Ford Life under the credit life policy. Ford Life denied the claim, contending that Mr. Miller had not been in good health when he bought the policy. Central Bank then repossessed the vehicle because payments were not being made, sold it, and sued Mr. Miller's estate for the deficiency balance.
Mrs. Joyce Miller, as administratrix, and Mrs. Goss, individually, then filed this present action against Treadwell and Ford Life, alleging fraudulent representations and breach of contract. They also alleged bad-faith-refusal-to-pay on the part of Ford Life. Almost one year later, the plaintiffs attempted to amend the complaint in this present action to add numerous new claims. It also appears that, by including her name in the caption of the proposed second amendment, Joyce Miller was attempting to join, individually, as a plaintiff. This amendment was denied. The trial court entered a summary judgment in favor of each defendant, and this appeal followed.
The threshold question concerns the proper parties to this appeal. The notice of appeal names Joyce Miller, both as administratrix of her husband's estate and individually, and names Goss, individually. However, as the trial court correctly held, "[n]either Joyce Miller nor Paula Goss suffered any legal detriment in connection with the purchase of the vehicle or credit life insurance, as they were not co-buyers of the vehicle or of the credit life insurance." Therefore, the only plaintiff properly in this action is Mrs. Miller, who is in it properly as administratrix of the estate of her deceased husband. We now proceed to discuss the administratrix's contentions that the trial court erred in entering the summary judgments for Ford Life and Treadwell on all counts.

Fraud

(Treadwell and Ford Life)
The trial court held that the fraud claims did not survive the death of Mr. Miller. We agree. Any claim based on a fraud perpetrated on Mr. Miller would not survive in favor of his personal representative. Ala. Code 1975, § 6-5-462. Dennis v. Magic City Dodge, Inc., 524 So.2d 616 (Ala.1988): Davis v. Southern United Life Ins. Co., 494 So.2d 48 (Ala.1986). Therefore, the trial court properly entered the summary judgments as to the fraud claims.

Breach of Contract

(Treadwell)
The trial court held that the credit life insurance contract was issued by Ford Life and that Treadwell was acting only as Ford Life's agent. Therefore, it held that Treadwell would not be liable for Ford Life's alleged breach of contract, i.e., its failure to pay on the policy. We agree. An agent cannot be held liable for his principal's breach of contract. Smith v. Equifax Services Inc., 537 So.2d 463 (Ala.1988). Therefore, the trial court properly entered the summary judgment for Treadwell on the breach of contract claim.

Breach of Contract

(Ford Life)
The trial court held that the credit life insurance contract was unenforceable because, it held, Mr. Miller had made fraudulent statements concerning his health; it held that Mr. Miller's signing of the good health statement barred a recovery, citing Ala.Code 1975, § 27-14-7. That provision states that misrepresentations of fact can prevent recovery *206 under an insurance policy if they are fraudulent, if they are material to the acceptance of the risk, or if the insurer would not have issued the policy or would not have issued it in the manner in which it was issued if the "true facts" had been known. The court further held that even if the Treadwell employee/Ford Life representative had made any misrepresentations to Mr. Miller, that employee did not have the authority to do so. In other words, the trial court concluded that Ford Life's representative (Robert Wayne Sparks), working on Treadwell's premises, was only a "soliciting agent" for Ford Life and, as such, had no authority to alter the written contract, which required that the applicant be in good health when it was entered in order to receive the benefits of the policy.
The trial court held that Mr. Miller had misrepresented his health condition to Ford Life and, therefore, that his estate could not recover. Although we are aware that Mr. Miller signed a certificate stating that he was in good health, even though he was not in good health, the facts alleged in this case take it out of the ordinary situation. Here, the evidence, viewed most favorably to Mrs. Miller, indicates that Mr. Miller never contended that he was in good health. In fact, he told the Treadwell salesman and the Ford Life representative that he did not want the credit life coverage, because he was sick. Mrs. Miller presented evidence that Mr. Miller purchased the insurance only after the Ford Life representative had insisted that his poor health would not be a problem.
It is well settled that an insurance company cannot defend its refusal to pay benefits on grounds that the insured made a misrepresentation in the application if the misrepresentation was the fault of the agent and that fault was without participation by the insured. National Life & Acc. Ins. Co. v. Allen, 285 Ala. 551, 234 So.2d 567 (1970). Moreover, Ala.Code 1975, § 27-14-7, does not apply where there has been no concealment by the insured. Duren v. Northwestern Nat'l Life Ins. Co., 581 So.2d 810 (Ala. 1991).
Viewing the record most favorably to Mrs. Miller, we find no misrepresentations or fraudulent statements made by Mr. Miller to the Ford Life representative. A jury could find that he told everyone he was sick and that he did not want the credit life insurance coverage and that he did not conceal his poor health from anyone. The jury could find that the only misrepresentation made by Mr. Miller came when he signed a good health certificate. However, the jury could find that that misrepresentation was made at the insistence of the Ford Life representative.
Clearly, on the breach of contract claim Mrs. Miller met her burden of establishing a genuine issue of material fact, and the trial court erred in entering a summary judgment in favor of Ford Life as to that claim.
We disagree with the trial court's conclusion that the Ford Life representative, as a soliciting agent, could not legally bind the company. The evidence, viewed in a light most favorable to Mrs. Miller, indicates that the Ford Life representative knew that Mr. Miller had health problems, but issued the policy anyway. In fact, it indicates that he stated that if Mr. Miller did not buy the credit life policy, he could not buy the car. Under these specific facts, we hold that Ford Life cannot defend its refusal to pay on the basis that its agent did not have the authority to bind it.
As stated by the Arkansas Supreme Court in a case factually similar to this one:
"Obviously the agent is encouraged to sell insurance, which is Ford Life's business, and paid a handsome commission. Everyone is satisfied until the death of the insured when it may be learned that he was not `in good health.'
"Such a situation puts an unrealistic burden on an insured which can only result in a decided advantage enuring to the benefit of the company."
Ford Life Ins. Co. v. Jones, 262 Ark. 881, 886, 563 S.W.2d 399, 402 (1978).
The Mississippi Supreme Court also was faced with a similar situation in Southern United Life Ins. Co. v. Caves, 481 So.2d 764, 768 (Miss.1985). In Caves, the agent knew that the applicant for credit life insurance coverage had suffered heart problems in the recent past. However, even though there was a "good health" clause in the application, the agent altered the terms and approved *207 credit life insurance on the applicant. The Mississippi Supreme Court held that the agent's knowledge of the applicant's preexisting heart condition was imputed to the insurer. Therefore, because the agent's actions were binding on the principal, the policy conditions of insurability were effectively waived. Caves. The Mississippi court said:
"Where an insurance company makes no effort to establish clear and meaningful guidelines to assist its agents in discerning persons eligible for coverage, but merely relies on the agents' judgment to select those persons appearing to be healthy, that company by its actions manifests an intention to `insure the world.'"
481 So.2d at 768.
Therefore, the summary judgment in favor of Ford Life is reversed as to Mrs. Miller's breach of contract claim.

Bad Faith

(Ford Life)
Because the trial court held for Ford Life on the breach of contract claim, it also entered a summary judgment in favor of Ford Life on Mrs. Miller's bad faith claim. Because we reverse as to the breach of contract claim, we also reverse the summary judgment as to the bad faith claim.
The judgments are affirmed in part and reversed in part, and the cause is remanded.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SHORES, KENNEDY, and BUTTS, JJ., concur.
ALMON, J., concurs in the result.
MADDOX, J., concurs in part and dissents in part.
MADDOX, Justice (concurring in part; dissenting in part).
I would affirm the judgment of the trial court; therefore, I concur in part and dissent in part.
NOTES
[1] The first complaint named Joyce Miller only as administratrix of the estate of Mearl Miller. In that first complaint, she did not sue individually.