This is an insurance case.
Juanita Brown appeals from a summary judgment in favor of American General Life and Accident Insurance Company (“American General”) and Loddie D. Williams (“agent”). This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The following facts are undisputed: In February 1991 American General, through its agent, sold a whole life insurance policy to Brown. The agent completed the insurance application for Brown. Question 17(a) on the application specifically inquired as to whether Brown had ever been treated by a doctor for, or had symptoms of, any of the following: cancer, tumor, diabetes, epilepsy, or high blood pressure. Brown answered in the affirmative to this question. However, the agent apparently checked the “no” box, indicating that Brown did not have any health problems. Thereafter, Brown signed the application without reviewing it.
In August 1992 Brown discovered that her application did not reflect the fact that she had blood pressure problems. Based on this information, Brown ceased paying her premiums and allowed her policy to lapse.
In March 1993 Brown filed a complaint against American General and its agent, pursuant to Ala.Code 1975, § 6-5-102, for fraudulent suppression of a material fact. Thereafter, the trial court, after a hearing,' entered a summary judgment in favor of both American General and its agent, pursuant to Rule 56(c), Ala.R.Civ.P.
Brown contends that American General, through its agent, fraudulently suppressed the fact that she had blood pressure problems. Brown notes that Ala.Code 1975, § 27-14-7, provides that an insurer may rescind an insurance policy when the applicant has made a material misrepresentation on the application. In other words, Brown contends that American General, through its agent, sold her a voidable life insurance policy since the policy could be rescinded based on the misrepresentation.
Rule 56(c), Ala.R.Civ.P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie ease showing that no genuine issue of a material fact exists, then the burden shifts to the non-moving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
*336 In order for Brown to withstand American General and its agent’s properly-supported motion for a summary judgment-on the claim of fraudulent suppression, Brown must offer substantial evidence (1) that American General had a duty to disclose a material fact; (2) that American General concealed or failed to disclose that material fact; (3) that American General’s nondisclosure or concealment of that fact induced Brown to act; and (4) that Brown’s action resulted in her injury. See Interstate Truck Leasing, Inc. v. Bender, 608 So.2d 716 (Ala.1992).
After reviewing the record, we decline to address the first three elements listed above. Instead,- we find that Brown failed to provide any substantial evidence showing that she suffered any damages as a result of the agent’s nondisclosure or concealment of her blood pressure problems on the application. We also agree with the trial court that Ala. Code 1975, § 27-14-7, does not apply in Brown’s case.
On appeal Brown contends that she was injured as a result of paying premiums on a voidable life insurance policy. Therefore, the dispositive issue is whether the policy was, in fact, a voidable policy, pursuant to Ala.Code 1975, § 27-14-7.
As stated previously, Ala.Code 1975, § 27-14-7, allows an insurer to rescind an insurance policy when the applicant has misrepresented a material fact on the application. In Miller v. Dobbs Mobile Bay, Inc., 661 So.2d 203, 206 (Ala.1995), our supreme court stated the following:
“It is well settled that an insurance company cannot defend its refusal to pay benefits on grounds that the insured made a misrepresentation in the application if the misrepresentation was the fault of the agent and that fault was without participation by the insured. Moreover, Ala. Code 1975, § 27-14-7, does not apply where there has been no concealment by the insured.”
(Citations omitted.)
Here, the evidence, when viewed in a light most favorable to Brown, indicates that Brown never represented to the agent that she did not have any health problems. In fact, she told the agent that she had high blood pressure and stated that Dr. Okoye was her doctor. Brown also presented the testimony of all three of her daughters, each of. whom testified that she was present when her mother told the agent that she had high blood pressure.
Therefore, in viewing the evidence in a light most favorable to Brown, we find no misrepresentations or fraudulent statements made by Brown to the agent. Clearly, the trial court was correct in finding that Ala. Code 1975, § 27-14r-7, was not applicable to this case since any nondisclosure or concealment was made by the agent, rather than Brown.
In any event, even if we assume that Ala.Code 1975, § 27-14r-7, does apply, Brown has still failed to provide any substantial evidence that the policy was voidable. Brown contends that American General would not have issued her insurance policy if it had knowledge of her blood pressure problems.
Section 27-14r-7, Ala.Code 1975, further provides that an insurance policy may be rescinded if “the insurer would not have issued the policy or would not have issued it in the manner in which it was issued if the ‘true facts’ had been known.” Miller, 661 So.2d at 206. In support of her contention, Brown offered the expert testimony of Larry Love-land, who testified that a prudent insurer would not have issued the policy based on the fact that the applicant had blood pressure problems.
However, American General provided the expert testimony of its underwriting manager, Garland Ray Butler, who testified that American General would have issued the policy regardless of the fact that Brown had blood pressure problems. It is undisputed that at the time Brown applied for the policy, she was not taking any medication for her blood pressure, nor had she taken any for two to three years prior to applying for the life insurance policy. Brown testified that her doctor had given her permission to stop taking the medication, indicating that her blood pressure was under control.
*337 Butler also testified that American General used the North American Underwriting Guidelines in underwriting its policies. According to the North American Underwriting Guidelines, if an applicant is using only one medication to control the applicant’s blood pressure, then a life insurance policy applied for in amounts of $5,000 or less will be issued at a standard rate. Here, Brown’s medical records indicate that her doctor had prescribed only one type of medication for her blood pressure while under his care. However, as stated previously, Brown had stopped taking her medication two to three years prior to applying for the life insurance policy. Butler also stated that the policy Brown applied for, and received, was worth only $5,000, indicating that the policy would have been issued at a standard rate.
Next, Butler testified that the policy American General issued to Brown had a two-year “incontestability” period, which states as follows:
“Except for nonpayment of premiums, we will not contest this policy after it has been in force during the lifetime of the Insured for two years from the date of application. This provision will not apply to any benefits for disability or accidental death.”
Here, Brown applied for the policy in February 1991. She did not file her complaint against American General and its agent until March 1993. Therefore, the incontestability period had clearly expired.
In light of the above, we find that Brown failed to present any substantial evidence that she suffered any damages as a result of the nondisclosure by the agent on the insurance application. See Interstate Truck Leasing, Inc., supra. Consequently, the trial court properly entered the summary judgment in favor of American General and its agent.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18~10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.