**A.W. HERNDON OIL CO., et. al., Plaintiffs,**

v.

**TRANSAMERICA OCCIDENTAL LIFE INSURANCE CO., et. al., Defendants.**

No. CIV.A. 01–D–1283–S.

United States District Court, M.D. Alabama, Southern Division.

Jan. 31, 2002.

the grounds of bias. (Post-termination Transcript at 2069–70.)

Jere L. Beasley, Wilson Daniel Miles, III, Joseph H. "Jay" Aughtman, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, for A.W. Herndon Oil Company, Sandra L. Taylor, As Executrix of the Estate of A.W. Herndon, Sheron Ann Herndon, As Executrix of the Estate of A.W. Herndon, Susan Marie Hall, As Executrix of the Estate of A.W. Herndon, Amos Wiley Herndon, As Executor of the Estate of A.W. Herndon, Bill Flowers, As Executor of the Estate of A.W. Herndon, plaintiffs.

Charles D. Stewart, Steve R. Burford, Spain & Gillon, L.L.C., Birmingham, Wade Hampton Baxley, Ramsey, Baxley & McDougle, Dothan, for Transamerica Occidental Life Insurance Company, Douglas Perreault, defendants.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is a Motion to Remand ("Motion") filed December 3, 2001 by Plaintiffs A.W. Herndon Oil Company, Sandra L. Taylor, Sheron Ann Herndon, Susan Marie Hall, Amos Wiley Herndon, and Bill Flowers, as Executors and Executrixes of the estate of A.W. Herndon ("Plaintiffs"). (Doc. No. 7.) Defendant Transamerica Occidental Life Insurance Company ("Transamerica") filed an Opposition to Plaintiffs' Motion on December 19, 2001.

Also before the court is a Motion To Dismiss ("Motion") filed November 2, 2001 by Transamerica. Plaintiffs filed an Opposition on December 5, 2001, to which Transamerica filed a Reply on December 19, 2001. After careful consideration of the arguments of the parties, the relevant law, and the record as a whole, the court finds that Plaintiffs' Motion To Remand is due to be denied and Transamerica's Motion To Dismiss is due to be granted.

## I. BACKGROUND

Plaintiffs originally filed their Complaint on October 1, 2001 in the Circuit Court of Henry County, Alabama, claiming fraud (misrepresentation and suppression) against Transamerica and Douglas Perreault ("Perreault")[1], and negligent and wanton hiring against Transamerica.[2] Plaintiffs claim that Perreault, as agent or representative of Transamerica, induced A.W. Herndon, deceased, to purchase a one million dollar life insurance policy by falsely assuring him that he would only be required to make payments for ten years.[3] Asserting that the fraudulent joinder exception to complete diversity applies to Plaintiff's claims against Perreault, Transamerica and Perreault removed this cause of action on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(a).

## II. DISCUSSION

### A. Motion To Remand

A defendant, as the party removing an action to federal court, have the burden to establish federal jurisdiction. See Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996). The removal statute should be construed narrowly. See id. at 1505 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107–09, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). Thus, where there is a dispute about federal jurisdiction, uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994) (citations omitted); see also Carroll v. QHG of Alabama, Inc.,

1. Compl., at 1–5.

2. Id. at 5–6.

3. Id. at 2.

9 F.Supp.2d 1303, 1306 (M.D.Ala.1998) ("the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal jurisdiction is not absolutely clear").

■ Transamerica and Perreault claim the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). While diversity between plaintiffs and defendants must be complete, *Darden v. Ford Consumer Fin. Co., Inc.*, 200 F.3d 753, 755 (11th Cir.2000), an action may be removed if joinder of the non-diverse party is proven to be fraudulent. *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (1998). Joinder may be deemed fraudulent if 1) there is no possibility that the plaintiff can prove a cause of action against the non-diverse defendant; 2) there is outright fraud in the plaintiff's pleading of jurisdictional facts; or 3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant. *Whitlock v. Jackson Nat'l Life Ins. Co.*, 32 F.Supp.2d 1286, 1289–90 (M.D.Ala.1998) (citing *Triggs*, 154 F.3d at 1287). The removing party bears a heavy burden of proving that joinder was fraudulent. *Id.* at 1290 (citing *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997); *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir.1989)).

■ Defendants argue that Perreault was fraudulently joined because there is no possibility that Plaintiffs can prove a cause of action against him.[4] Defendants rely on section 6–5–462 of the Code of Alabama, which provides that:

In all proceedings not of an equitable nature, all claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal claims upon which no action has been filed survive against the personal representative of a deceased tort-feasor.

Ala.Code § 6–5–462.

Defendants argue that, pursuant to section 6–5–462, the fraud claims do not survive in favor of A.W. Herndon's personal representatives because the Complaint was not filed before his death. Defendants are correct. *See, e.g.*, *Miller v. Dobbs Mobile Bay*, 661 So.2d 203, 205 (Ala.1995) (affirming summary judgment for insurer on a claim brought by individual's estate for fraud perpetrated on deceased individual).

Plaintiffs, however, argue that a prior lawsuit filed by A.W. Herndon implies a survival of the present cause of action. In 1997 A.W. Herndon filed a separate action based on the same underlying issues as the case at hand.[5] During the pendency of that suit, A.W. Herndon died, resulting in the substitution of Plaintiffs as personal representatives. However, that case was dismissed for lack of subject matter jurisdiction by the Circuit Court of Henry County on August 29, 2001.[6]

Plaintiffs point to no authority to support their argument. To the contrary, the Supreme Court of Alabama has explained that the term "action" as used in the statute refers to a "pending" action. *McDowell v. Henderson Mining Co.*, 276 Ala.

4. The court must apply the substantive law of the State of Alabama in analyzing Plaintiffs' state law claims. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

5. Def. Opp'n at 2, n. 1.

6. *Id.* at 2.

202, 160 So.2d 486, 488 (1963) ("An 'action' is a proceeding *pending* in court to determine the parties' rights and liabilities with respect to a legal wrong or cause of action.") (emphasis added). The requirement that the "action" be pending makes clear that section 6–5–462 allows revival of "actions" seeking recovery for personal claims only where a lawsuit was, in fact, on-going on the date the deceased died, with the exception of suits in contract and equity and suits for injury to reputation. When A.W. Herndon died, no complaint was pending against Perreault. Accordingly, there is no "action" which can be revived by A.W. Herndon's personal representatives.

Based on the foregoing, the court finds that Perreault has been fraudulently joined. Accordingly, the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

### B. *Motion To Dismiss*

■ Transamerica requests the court to dismiss the causes of action against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As in the Motion To Remand, Transamerica relies on section 6–5–462 in urging the court to dismiss Plaintiff's claims against it. Namely, because the claims asserted against it by A.W. Herndon's representatives are personal to A.W. Herndon, Transamerica contends that the claims expired upon his death. The court agrees.

The same analysis discussed in Section A applies to Plaintiffs' fraud claim against Transamerica. *See Miller, supra.* Moreover, like fraud claims, A.W. Herndon's claims of negligence and wantonness extinguished with his death, and do not survive in favor of his personal representatives, as these claims are not claims in contract or equity or for injury to reputation. *See* Ala.Code § 6–5–462; *Gillilan v. Federated Guar. Life Ins. Co.,* 447 So.2d 668, 674 (Ala.1984) ("A claim for negligence is one sounding in tort. A claim sounding in tort for which no action has been filed does not survive death in favor of the personal representative.") (citations omitted). Accordingly, the court finds that Plaintiffs' claims of fraud, negligence and wantonness are due to be dismissed.

### IV. ORDER

Based on the foregoing, it is CONSIDERED and ORDERED that Plaintiffs' Motion To Remand be and the same is hereby DENIED and that Perreault be and the same is hereby DISMISSED as a Defendant in this cause of action. It is further CONSIDERED and ORDERED that Transamerica's Motion To Dismiss be and the same is hereby GRANTED. The clerk is DIRECTED to close this case.