CRAWLEY, Presiding Judge.
Henry Courtney Lumpkin and Myrtice Inez Lumpkin owned beach-front property within the territorial limits of the City of Gulf Shores (“the City”). In May 2000, the Lumpkins incorporated Sand Crab Owners Association, Inc. (“the Association”), and submitted to the condominium form of ownership as outlined in the Alabama Uniform Condominium Act of 1991 (“the AUCA”), codified at Ala.Code 1975, § 35-8A-101 et seq. In April 2005, the City sought to condemn an easement over the property in order to establish and maintain a beach-conservation project. *1235 The City filed the necessary application in the probate court, naming as defendants the Lumpkins individually and the Association. The probate court condemned the easement, and the appointed commissioners assessed no damages as a result of the taking.
The Lumpkins appealed the probate court’s condemnation order to the circuit court. In October 2005, the City filed a motion to dismiss the Lumpkins’ appeal on the ground that they were not the real parties in interest. The City attached the declaration of condominium, the certificate of existence, and the articles of incorporation of the Association to its motion. Because the trial court did not exclude from its consideration those materials in ruling on the City’s motion, that motion was automatically converted to a motion for a summary judgment pursuant to Rule 12(b), Ala. R. Civ. P. See Wesson v. McCleave, Roberts, Shields & Green, P.C., 810 So.2d 652 (Ala.2001). The Lumpkins did not file a written response to the City’s motion. After a January 10, 2006, hearing on the motion, on January 11, 2006, the circuit court dismissed the Lumpkins’ appeal. The Lumpkins appealed the dismissal of their appeal to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to Ala.Code 1975, § 12-2-7(6).
As noted above, the City argued that the Lumpkins were not the real parties in interest and should not be permitted to prosecute the appeal from the condemnation order. Rule 17(a), Ala. R. Civ. P., requires that “[ejvery action ... be prosecuted in the name of the real party in interest.” “ ‘[T]he real party in interest principle is a means to identity the person who possesses the right sought to be enforced. Therefore, the term directs attention to whether plaintiff has a significant interest in the particular action he has instituted.’ ” Dennis v. Magic City Dodge, Inc., 524 So.2d 616, 618 (Ala.1988) (quoting 6 C. Wright & A. Miller, Federal Practice & Procedure § 1542 (1971)). The City argued that the Association was the real party in interest because, under the declaration of condominium, the “common elements” of the condominium complex are owned by the Association and include “all portions of the condominium other than the Units” and encompass “all of the land” and because, under the AUCA, the Association has the power to grant easements through the common elements of the condominium complex. See Ala.Code 1975, § 35-8A-302(9). In addition, the City asserted, the Association, and not the Lump-kins as individuals, had the right under the AUCA and the declaration of condominium to any compensation awarded as a result of an eminent-domain proceeding in which a part of the common elements of the condominium complex are acquired. See Ala.Code 1975, § 35-8A-107(c). Thus, the City urges us to conclude that the Association, and not the Lumpkins, is the party aggrieved by the condemnation order and the failure of the commissioners to award any compensation.
We review a summary judgment de novo. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. A party moving for a summary judgment must make a prima facie showing “that there is no genuine issue as to any material fact and that [it] is entitled to a judgment as a matter of law.” Rule 56(c)(3); see Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992). If the movant meets this burden, “the burden then shifts to the non-movant to rebut the movant’s prima facie showing by ‘substantial evidence.’ ” Lee, 592 So.2d at 1038 (footnote omitted). “[SJubstantial evidence is evidence of such *1236 weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); see Ala.Code 1975, § 12-21-12(d).
The Lumpkins first argue that “if the trial court’s rationale for dismissing the Lumpkins’ appeal was that [the Association] instead of the Lumpkins was the real party in interest, then [the Association] should be joined or substituted to prevent what is at present a gross miscarriage of justice.” Indeed, Rule 17(a) states that “[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest.” See also Dennis, 524 So.2d at 619 (“However, if [the plaintiff] was not the real party in interest, summary judgment should not have been granted based upon this ground until she had had an opportunity to substitute ... the real party in interest.”). The City’s motion arguing that the Association was the real party in interest was filed in October 2005, more than two months before the circuit court granted the motion. The Lumpkins did nothing in those two months to substitute the Association as the appellant or to join the Association as an additional appellant despite the clear objection by the City regarding the Lump-kins’ status as proper parties to prosecute the appeal. Thus, we do not agree that the summary judgment in favor of the City should be reversed in order to give the Lumpkins further opportunity to add or to substitute the Association as an appellant.
The Lumpkins further argue that the City named them as defendants in the original condemnation action and therefore that the City should now be es-topped from asserting that they are not real parties in interest. The Lumpkins rely upon the following statement of the law in Carver v. Foster, 928 So.2d 1017, 1027-28 (Ala.2005):
“‘[T]he doctrine of judicial estoppel “applies to preclude a party from assuming a position in a legal proceeding inconsistent with one previously asserted.” ’ Selma Foundry & Supply Co. v. Peoples Bank & Trust Co., 598 So.2d 844, 846 (Ala.1992) (quoting Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 419 (3d Cir.1988)). ‘The law is settled in Alabama that a party who has, with knowledge of the facts, assumed a particular position in a judicial proceeding is estopped from assuming a position inconsistent to the first one to the prejudice of an adverse party.’ Russell v. Russell, 404 So.2d 662, 665 (Ala.1981).”
The City, the Lumpkins argue, asserted in the condemnation application that the Lumpkins had an ownership interest in the property over which the proposed easement was to run. Based on this statement, the Lumpkins assert that the City has taken the position that the Lumpkins are, in fact, real parties in interest.
The City argues, however, that the Lumpkins are confusing the concepts of “real party in interest” under Rule 17(a) and “necessary parties” under Rule 19, Ala. R. Civ. P. Rule 19 reads, in part:
“(a) Persons to Be Joined if Feasible. A person who is subject to jurisdiction of the court shall be joined as a party in the action if (1) in the person’s absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person’s absence may (i) as a practical *1237 matter impair or impede the person’s ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.”
According to the City, it chose to join the Lumpkins as defendants in the condemnation action because it believed that they might have been viewed as necessary parties to the action by virtue of their interest in the Association and the property. Joining them as defendants whose rights in the property might not be adequately protected by the Association, the City explains, is not tantamount to declaring that the Lumpkins are the real parties in interest in the condemnation action. We agree with the City.
If the Lumpkins were considered necessary parties to the condemnation action and were not joined, the City’s failure to join them would have been a jurisdictional defect. Burnett v. Munoz, 853 So.2d 963 (Ala.Civ.App.2002). The City’s decision to join them does not indicate that the Lump-kins “ ‘possessefd] the right sought to be enforced,’ ” Dennis, 524 So.2d at 618 (quoting 6 C. Wright & A. Miller, Federal Practice & Procedure § 1542 (1971)), which in the present case is the right to avoid the condemnation of an easement by eminent domain or to have appropriate compensation assessed for the easement condemned by the City. The City simply chose to join the Lumpkins to prevent any issues regarding the possibilities of the Lumpkins’ rights not being adequately protected or of inconsistent obligations arising. See Ex parte Reliance Insurance Co., 380 So.2d 266, 270 (Ala.1980) (requiring joinder of a lessee who was the named beneficiary of an insurance policy despite the lessee’s disclaiming any interest in the proceeds of the policy so as to protect the insurer and others from the risk of incurring inconsistent obligations). Accordingly,' the City has not assumed inconsistent positions with regard to the status of the Lumpkins, and it should not be judicially estopped from arguing that the Lumpkins are not real parties in interest.
Accordingly, we affirm the summary judgment entered in favor of the City, which effectively dismissed the Lumpkins’ appeal from the probate court’s condemnation order.
AFFIRMED.
THOMPSON, PITTMAN, and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.