MURDOCK, Justice
(concurring specially).
I concur in the main opinion, but I write separately to address note 2 of that opinion. In note 2, the main opinion summarizes the actions of the Court • of Civil Appeals in Lumpkin v. City of Gulf *337 Shores, 964 So.2d 1233 (Ala.Civ.App.2006), as follows:
“[T]he Court of Civil Appeals affirmed a summary judgment entered in favor of the appellee, in part because that court concluded that the appellants had failed to timely substitute the real party in interest as a plaintiff. It appears in that case that the trial court had not articulated its reasons for entering the summary judgment, and it is not clear that the issue whether the plaintiffs had been given the Rule 17(a)-mandated ‘reasonable time’ to make substitution of the proper real party in interest had been considered by the trial court or even raised by the parties before the summary judgment was entered. Accordingly, the Court of Civil Appeals appropriately considered that issue de novo.”
167 So.3d at 329-30 n. 2. The notion that “the Court of Civil Appeals appropriately considered [the stated] issue de novo ” would be correct only if it could be ascertained from the record, including filings made in the trial court and the trial court’s order, that the trial court’s summary-judgment order was not based on that issue and, further, only if the issue was one that could be invoked sua sponte by the appellate court because it presented an alternative valid “legal ground” for affirming the trial court’s order and, in addition, could be so invoked without implicating the due-process rights of the parties adversely affected by that invocation. I do not read note 2 as saying anything other than this.