The plaintiff, Charlotte R. McClendon, appeals from a summary judgment entered in favor of the defendants, Mountain Top Indoor Flea Market, Inc. ("Mountain Top"), Melton Terrell, the president and sole stockholder of Mountain Top, and Janie Terrell, an officer of the corporation. Although McClendon also sued Sides Furniture Sales ("Sides"), a flea market vendor, a summary judgment was separately entered in its favor, and McClendon has not appealed that summary judgment with respect to Sides. McClendon and her husband, James, sued after Charlotte McClendon was injured in a slip and fall accident upon Mountain Top's premises. We reverse and remand.
On March 27, 1988, Charlotte McClendon, a 56-year-old resident of Georgia, was in Etowah County with members of her family to visit Mountain Top, as she had done on numerous occasions. Mountain Top operates *Page 958 
only on Sundays and accommodates approximately 1,100 vendors and 30,000 patrons. Upon leaving the furniture store operated by Sides, McClendon stepped onto the gravel and dirt surface that exists throughout the flea market. McClendon alleged that she fell after her left foot slid on loose gravel in a sloped area that was under the control of Mountain Top.
On January 17, 1990, the McClendons sued, seeking damages for injuries Charlotte had allegedly received in the fall. James McClendon sued for loss of consortium as a result of his wife's injury.[1] The McClendons' complaint alleged that invitees were required to traverse a sloping surface made up of dirt and gravel that existed between Mountain Top's retained common areas and the structures on the leased premises. The McClendons alleged that Mountain Top had a duty to provide a means of ingress to and egress from the leased premises that did not pose an unreasonable risk of danger. They alleged further that Mountain Top failed to warn invites of the dangerous character of the surface that they say was the proximate cause of Charlotte McClendon's ankle injury.
Mountain Top moved for a summary judgment, offering in support of its motion the depositions of Charlotte McClendon, Milton Terrell, and Janie Terrell. In opposition to Mountain Top's motion, the McClendons submitted an affidavit of Charlotte McClendon and the deposition of David McDonough, a fire fighter with the City of Attalla Fire Department who had occasionally worked at Mountain Top as a medic by virtue of his position with the fire department. The trial court entered a summary judgment in favor of Mountain Top and the Terrells on September 18, 1991, and later amended the order to specify that Charlotte McClendon's assumption of the risk was the sole basis for the summary judgment.
Rule 56, A.R.Civ.P., sets forth a two-tiered standard for entering a summary judgment. The rule requires the trial court, in order to enter a summary judgment, to determine (1) that there is no genuine issue of material fact, and (2) that the moving party is entitled to a judgment as a matter of law. The burdens placed on the moving party by this rule have often been discussed by this Court:
 " 'The burden is on one moving for summary judgment to demonstrate that no genuine issue of material fact is left for consideration by the jury. The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact. Woodham v. Nationwide Life Ins. Co., 349 So.2d 1110 (Ala. 1977); Shades Ridge Holding Co. v. Cobbs, Allen Hall Mortg. Co., 390 So.2d 601 (Ala. 1980); Fulton v. Advertiser Co., 388 So.2d 533
(Ala. 1980).' "
Berner v. Caldwell, 543 So.2d 686, 688 (Ala. 1989) (quotingSchoen v. Gulledge, 481 So.2d 1094, 1096-97 (Ala. 1985)).
The standard of review applicable to a summary judgment is the same as the standard for granting the motion, that is, we must determine whether there was a genuine issue of material fact and, if not, whether the movant was entitled to a judgment as a matter of law. Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmovant and resolve all reasonable doubts against the movant. Wilson v. Brown, 496 So.2d 756, 758 (Ala. 1986); Harrell v. Reynolds Metals Co., 495 So.2d 1381 (Ala. 1986). See also Hanners v. Balfour Guthrie, Inc., 564 So.2d 412
(Ala. 1990).
Because this action was not pending on June 11, 1987, Ala. Code 1975, § 12-21-12, mandates that McClendon meet her burden by "substantial evidence." Bass v. SouthTrust Bank ofBaldwin County, 538 So.2d 794, 797-98 (Ala. 1989). Under the substantial evidence test the nonmovant must present "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance *Page 959 Co. of Fla., 547 So.2d 870, 871 (Ala. 1989). More simply stated, "[a]n issue is genuine if reasonable persons could disagree." Schwarzer, Summary Judgment Under the Federal Rules:Defining Genuine Issues of Material Fact, 99 F.R.D. 465, 481
(1982).
Charlotte McClendon was a business invitee on Mountain Top's premises when her accident occurred, and, by virtue of that status, Mountain Top owed her a duty to "exercise reasonable care in maintaining the premises in a reasonably safe condition." Bogue v. R M Grocery, 553 So.2d 545, 547 (Ala. 1989). In Quillen v. Quillen, 388 So.2d 985 (Ala. 1980), this Court stated the principles relating to the duty owed by a landowner to an invitee:
 "In the definitive case of Lamson Sessions Bolt Co. v. McCarty, 234 Ala. 60, 173 So. 388 (1937), this Court discussed at length the duty owed by a landowner to an invitee. At 234 Ala. at 63, 173 So. at 391, the Court held:
 " 'This Court is firmly committed to the proposition that the occupant of premises is bound to use reasonable care and diligence to keep the premises in a safe condition for the access of persons who come thereon by his invitation, expressed or implied, for the transaction of business, or for any other purpose beneficial to him; or, if his premises are in any respect dangerous, he must give such visitors sufficient warning of the danger to enable them, by the use of ordinary care, to avoid it. Geis v. Tennessee Coal, Iron R.R. Co., 143 Ala. 299, 39 So. 801 [(1904)].
 " 'This rule . . . includes (a) the duty to warn an invitee of danger, of which he knows, or ought to know, and of which the invitee is ignorant; and (b) the duty to use reasonable care to have the premises to which he is invited in a reasonably safe condition for such contemplated uses, and within the contemplated invitation.'
 "Therefore, as a general rule, an invitor will not be liable for injuries to an invitee resulting from a danger which was known to the invitee or should have been observed by the invitee in the exercise of reasonable care. As stated by the Court in Lamson Sessions Bolt Co., supra, at 284 Ala. 63, 173 So. 391:
 " 'In 45 C.J. § 244, p. 837, the rule is thus stated: "The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care." '
 "Accord, McRee v. Woodward Iron Co., 279 Ala. 88, 182 So.2d 209 (1966); Claybrooke v. Bently, 260 Ala. 678, 72 So.2d 412 (1954). The entire basis of an invitor's liability rests upon his superior knowledge of the danger which causes the invitee's injuries. Gray v. Mobile Greyhound Park, Ltd., 370 So.2d 1384 (Ala. 1979); Tice v. Tice, 361 So.2d 1051 (Ala. 1978). Therefore, if that superior knowledge is lacking, as when the danger is obvious, the invitor cannot be held liable."
388 So.2d at 989. See also Restatement (Second) of Torts § 343A(1) (1965).
Having reviewed the record in a light most favorable to McClendon, as we are required to do, we hold that there exists a genuine issue of material fact, precluding the entry of a summary judgment, regarding (1) whether Mountain Top used reasonable care and diligence to maintain the surface of the premises in a safe condition, and (2) whether Charlotte McClendon knew or should have known of the risks associated with walking on a gravel and dirt surface that she alleged obscured a sharp decline. Charlotte McClendon's affidavit includes the following: *Page 960 
 "Upon stepping out of the doorway of Sides Furniture Sales, I was then positioned on a gravel and dirt surfaced decline immediately outside the doorway of Sides Furniture Sales. The dirt and gravel surface being the primary outside ground cover for all the businesses located in the Mountain Top Flea Market.
 "As I exited Sides Furniture Sales on the gravel/dirt decline, my left foot slid on some loose gravel causing me to fall and injure my left ankle. At the point of exit from Sides Furniture Sales there was no handrail or other apparatus to hold on to in exiting. There were no signs of caution or warnings on the exit denoting loose gravel or that a hazardous condition existed. The exit area was open to the public and others were walking in the area.
". . . .
 "Since March 27, 1988 I have had an opportunity to go back to Mountain Top Flea Market and view the area where I was injured. Since the time of my injury, the condition of the exit area from Sides Furniture Sales has changed substantially. There has been extensive filling in the area with yellow clay and additional gravel has been added. Furthermore, the exit decline slope has been diminished from an approximate 45 [degree] angle to about a 10 [degree] angle."
Although Melton Terrell's deposition testimony reveals his agreement that various areas of the market are sloping, he noted that the market is situated on a mountain but denied that there existed a 45-degree slope within the area where Charlotte McClendon fell. Moreover, Terrell did not explicitly admit that Mountain Top, rather than Sides, was responsible for maintaining the common area where the accident occurred. However, he did indicate that Mountain Top had placed the ground cover at issue at the location of the accident.
Although he did not respond to Charlotte McClendon's fall, David McDonough, a fire fighter and medic employed by the City of Attalla Fire Department who worked on a part-time basis at Mountain Top, stated in his deposition that several people had fallen while he had been on duty. Further, he stated that the majority of people that had fallen had done so in the common areas where the surface is composed of dirt and gravel.
Mountain Top argues that it was entitled to a judgment as a matter of law because, it argued, Charlotte McClendon had assumed the risk. As we noted previously, assumption of the risk was the sole ground upon which the trial court entered the summary judgment in favor of Mountain Top and the Terrells. We do not agree that Mountain Top and the Terrells were entitled to a summary judgment on the basis of Charlotte McClendon's assumption of the risk as a matter of law under the present circumstances. In Kelton v. Gulf States Steel, Inc.,575 So.2d 1054 (Ala. 1991), we noted the following requirements of the defense of assumption of the risk: "1) knowledge and appreciation by the plaintiff of the danger he is incurring; and 2) voluntary consent to bear that risk." Id. at 1055. Moreover, in McIsaac v. Monte Carlo Club, Inc., 587 So.2d 320
(Ala. 1991), we stated:
 "The assumption of the risk defense is not based on the plaintiff's fault or negligent conduct. See Kelton v. Gulf States Steel, Inc., 575 So.2d 1054, 1055 (Ala. 1991); Kemp v. Jackson, 274 Ala. 29, 145 So.2d 187 (1962). The plaintiff must know that a risk is present and must understand its nature. See Kelton, 575 So.2d at 1055; Employers Casualty Co. v. Hagendorfer, 393 So.2d 999 (Ala. 1981). His choice to incur the risk must be free and voluntary. See Kelton, 575 So.2d at 1055; Kemp, 274 Ala. 29, 145 So.2d 187, 194-95."
587 So.2d at 324.
The record does not support the conclusion that, as a matterof law, Charlotte McClendon freely and voluntarily incurred the risk that she would fall while walking within the premises of Mountain Top. Equally applicable under the present circumstances is our statement in Bogue v. R M Grocery,553 So.2d 545, 547 (Ala. 1989), that "[o]nce it has been determined *Page 961 
that the duty owed to an invitee has been breached, questions of contributory negligence, assumption of the risk, and whether the plaintiff should have been aware of the defect, are normally questions for the jury."[2] Of course, Charlotte McClendon's "state of mind [must be] determined by the subjective standard." McIsaac, 587 So.2d at 324.
For the foregoing reasons, the summary judgment in favor of Mountain Top and the Terrells is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, SHORES, ADAMS and KENNEDY, JJ., concur.
INGRAM, J., concurs specially.
HOUSTON and STEAGALL, JJ., dissent.
[1] James McClendon did not appeal.
[2] Recognizing that "[t]here are any number of factual issues for a jury . . . in negligence cases," this Court noted the following inBogue:
 " 'There are many factual matters that are involved in cases such as this — as examples: How old was the plaintiff? Her general health at the time of the accident? How much did she weigh? Was she wearing high or low heels? Was she under medication at the time that could have caused her to lose her equilibrium? Did she wear glasses? Bifocals? How long since they were changed or corrected? What was the condition of the floor as to color? Was it a slippery floor, or did it have a non-slippery surface? Countless other matters are important and usually present in such a case as this. All of such, however, are factual and for the jury to consider in each case, after proper instructions from the court.' "
553 So.2d at 548 (quoting Foodtown Stores, Inc. v. Patterson,282 Ala. 477, 482, 213 So.2d 211, 215-16 (1968)). See alsoCuevas v. W.E. Walker, Inc., 565 So.2d 176, 178-79 (Ala. 1990).