ROBERTSON, Presiding Judge.
This is an appeal from the grant of a motion for summary judgment.
Albert J. Blake filed a three-count complaint against Johnny Denson in the Circuit Court of St. Clair County, alleging, inter alia, that Denson had breached his obligation to repay an indebtedness secured by a promissory note. Denson filed an answer denying the allegations. On January 5, 1993, Blake filed a motion for summary judgment, and in support of his motion, Blake stated, in part, as follows:
“(1) That the pleadings of [Denson] do not deny that [he] signed a promissory note in the sum of Ten thousand and no/ 100 ($10,000.00) Dollars; said note being made exhibit ‘A’ of this action.
“(2) That there is no genuine issue of material fact disputing that [Denson] had paid the sum of $2,395.87 on this note prior hereto.”
By an order dated January 13, 1993, the motion for summary judgment was set for hearing on February 12, 1993, the trial date previously set by the trial court. On the same day of the hearing, Denson filed an affidavit in opposition to the motion for summary judgment. The trial court granted the motion for summary judgment and awarded Blake a judgment for $7,604.13.
Denson filed a Rule 59 motion and a motion for the trial judge to recuse himself. The trial court denied both motions, stating, in pertinent part:
“[Denson] failed to respond to the Motion for Summary Judgment in a timely manner as required by Rule 56 [Ala.R.Civ.P.] and ... summary judgment was granted.... [T]he undersigned is satisfied that his rulings which were adverse to [Denson] on matters of law in the present case, i.e., ... in granting summary judgment where [Denson] failed to timely respond, are in no way an indication of any bias or prejudice.”
Denson appeals, contending that the trial court erred in granting Blake’s motion for summary judgment.
A reviewing appellate court employs the same standard utilized by the trial court when reviewing an entry of summary judgment. Southern Guaranty Ins. Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989). Summary judgment is proper when “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Ala.R.Civ.P. Like the trial court, the appellate court views the evidence and resolves all reasonable doubts in favor of the non-movant. Specialty Container Mfg., Inc. v. Rusken Packaging, Inc., 572 So.2d 403 (Ala.1990). Further, the burden is on the movant to show that there exists no genuine issue of material fact. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992).
In his motion for summary judgment, Blake included a narrative summary of his contentions of undisputed material fact. Blake also contends that the trial court properly granted his motion for summary judgment because Denson failed to timely respond to the summary judgment motion. Rule 56(c)(2), Ala.R.Civ.P., provides that “any statement or affidavit in opposition [to a motion for summary judgment] shall be served at least two (2) days prior to the *977 hearing.” It was within the trial court’s discretion not to consider Denson’s affidavit. Johnson v. Allstate Ins. Co., 505 So.2d 362 (Ala.1987).
A party against whom a motion for summary judgment has been made “may not rest upon the mere allegations or denials of his pleading_” Rule 56(e), Ala.R.Civ.P. Based on the foregoing, we cannot hold that the trial court erred in entering summary judgment in this case. The judgment of the trial court is affirmed.
AFFIRMED.
YATES, J., concurs.
THIGPEN, J., concurs in the result.