INGRAM, Justice.
The plaintiff, James Jordan, appeals from a summary judgment for the defendants, Eu-faula Flea Market, Martha Money, and James Whited, on his fraud claim.
While visiting Eufaula in June 1992, James Jordan and his wife saw a recreational vehicle, specifically a Dodge motor home, for sale outside a business known as Eufaula Flea Market. The motor home, then owned by James Whited, had “84’A $9,000” written on the window in white shoe polish. Whited had left the motor home for sale at Eufaula Flea Market while he went out of town, with instructions to Martha Money, an employee of Eufaula Flea Market, not to take less than $7,500 for it. Whited also left a copy of the Michigan title certificate, with his name signed in blank. Whited, a Michigan resident, had recently purchased land near Eu-faula and had plans to retire in Alabama. The motor home still had a Michigan certificate of title and registration. The title indicated that the vehicle was a “1984 assembled” model. Mr. Jordan examined and test drove the motor home, and Money negotiated a price with Mr. Jordan’s wife. Money did not discuss the model or condition of the motor home with either of the Jordans. Mr. Jordan paid $7,500 for the motor home. He subsequently took the motor home to a mechanic to have an oil leak repaired. The mechanic informed Jordan that the motor home was not a 1984 model, but instead was a 1978 model that had been completely rebuilt. Jordan sued Eufaula Flea Market, Money, and Whited, alleging fraud. The trial court entered a summary judgment in favor of the defendants, and Jordan appealed.
Jordan contends that the vehicle identification number (VIN) on the motor home had been altered to reflect the model year as being 1984 rather than 1978. The documents submitted to the trial court indicated that the alteration was made in full compliance with Michigan law. In 1984 a full disclosure was made to the Michigan secretary of state, and the Michigan State Police conducted an inspection of the motor home. The Michigan secretary of state reassigned a new VIN number and a new year designation to the motor home only after the proper procedures were followed. These events took place in 1984, before Whited became the owner of the motor home.
On a motion for summary judgment, the movant has the initial burden to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact) and that he is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; McClendon v. Mountain Top Flea Market, Inc., 601 So.2d 957, 958 (Ala.1992). “The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact.” McClendon, at 958, quoting earlier cases.
In order to defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present substantial *587 evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The evidence is uncontradicted that Whited never spoke with either of the Jor-dans before the sale of the motor home and that Ms.' Money made no representations to Mr. or Mrs. Jordan regarding the model year or the condition of the motor home. In short, Mr. Jordan made no inquiry of Ms. Money or anyone else at Eufaula Flea Market as to what the designation “assembled” on the motor home’s certificate of title meant, even though Mr. Jordan reviewed the title certificate before purchasing the 1984A Dodge. Ala.Code 1975, § 6-5-101, provides: “Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, • and acted on by the opposite party, constitute legal fraud.” At the time of the sale, the title certificate indicated that the motor home was registered in Michigan and that it was an assembled model. There was absolutely no evidence submitted showing that either Whited or Eufaula Flea Market misrepresented any material fact regarding the motor home.
Jordan erroneously asserts that Whited was a dealer in motor homes and that, as a dealer, he had a duty to register the Dodge motor home with the State of Alabama, citing Ala.Code 1975, § 32-8-30. The evidence clearly indicated that Whited was not a dealer. His deposition testimony indicated that because he was retired and traveled extensively, he had bought and sold several motor homes in recent years. Moreover, Whited is not licensed in the State of Alabama to sell motor vehicles. Although § 32-8-30 applies to both dealers and nondealers, it does not apply to nonresidents, Ala.Code 1975, § 32-8-31; therefore, as a nonresident at the time of the sale, Whited was not required to apply for a certificate of title in the State of Alabama.
Based on the foregoing facts, we conclude that the trial court properly entered the summary judgment in favor of Eufaula Flea Market, Martha Money, and James Whited.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.