INGRAM, Justice.
Bernice Cornelius brought a wrongful foreclosure action against Bank Independent after it foreclosed on a mortgage on her lakefront property known as Cornelius Cove. The trial court entered a summary judgment in favor of Bank Independent, and Bernice appeals.
On a motion for summary judgment, the burden is initially on the movant to make a prima facie showing that there is no genuine issue of material fact (i.e., that there is no dispute as to any material fact), and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P.; McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992); Elgin v. Alfa Corp., 598 So.2d 807 (Ala.1992). “The burden does not shift to the opposing party to establish a genuine issue of material fact until the moving party has made a prima facie showing that there is no such issue of material fact.” McClendon, at 958; Elgin, at 810-11.
Rule 56 must be read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975, for actions filed after June 11,1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
Bernice owned a one-half undivided interest in the Cornelius Cove property, and her nephew and niece, Danny and Cheryl, each owned a one-quarter interest. According to Bernice’s affidavit, before the Cornelius Cove property was mortgaged Danny told her that he was in dire financial distress (he already had several outstanding debts with Bank Independent) and that the only way he could see himself out of his financial problems was to get a loan from the bank secured by a mortgage on the Cornelius Cove property. However, before Bank Independent *717 would make the loan, it required everyone with an ownership interest in the property to sign the mortgage.
Bernice talked with her attorney and with her late husband’s banker, who was an employee at Bank Independent, discussing with them the proposed mortgage. Then Danny, Cheryl, and Bernice all executed a first mortgage on the Cornelius Cove property to secure a debt of $174,476.25. Danny received the loan he had wanted; that loan and his other debts to Bank Independent were consolidated and secured by that mortgage. On the same day the parties executed the mortgage, they also executed a “development agreement” with Bank Independent, providing that Cornelius Cove would be subdivided into lots and sold. Specifically, the development agreement provided that Bernice was to receive one-half of the net proceeds from the sale of the lots and that Danny and Cheryl would each receive one-fourth of the net proceeds.
After two and one-half years, the developers of Cornelius Cove had sold only one subdivided lot, and the money from the sale was divided according to the development agreement. Danny ultimately defaulted in his repayment of the loan.
The mortgage provided that in the event of a default on the loan Bank Independent was entitled to accelerate payment of the mortgage debt and was entitled to the proceeds from the sale of the mortgaged property. After Bank Independent declared a default, the developers of the property received an unwritten offer to purchase an undivided 10-acre tract of land, together with one or two subdivided lots. In an effort to avoid foreclosure, Bank Independent proposed a “workout agreement,” proposing that all proceeds from the sale of subdivided lots would go first toward paying off the mortgage debt and then would go to each party as specified in the original development agreement. Bank Independent refused to release the property for sale unless Bernice signed the “workout agreement.” Bernice refused to sign the workout agreement, and Bank Independent foreclosed on the property. Bernice sued.
We have carefully reviewed all of the issues raised by Bernice and find the disposi-tive issue to be whether, in response to Bank Independent’s properly supported summary judgment motion, Bernice presented substantial evidence that in foreclosing on the mortgage, Bank Independent failed to comply with the conditions of the mortgage.
The mortgage provides, in part, as follows concerning foreclosure:
“But if the Mortgagor shall fail to pay the said note herein described on or before maturity, or shall fail to pay any other indebtedness owed to the Mortgagee during the life of this mortgage, ... all of the indebtedness hereby secured and any advances made, and any other indebtedness regardless of amount, shall become due and payable at once and the Mortgagor, its heirs (successors) and assigns, are hereby authorized and empowered to take possession of and sell the property hereby conveyed to the highest bidder, for cash, in front of the Courthouse of the county in which said property is situated....
“The proceeds from said sale shall be applied first, to the payment of the expenses of advertising, selling and conveying said property, including a reasonable attorney’s fee, whether sold under the power of this mortgage, or by judicial proceedings; second, to the payment of all sums of money that may be due the Mortgagee under said mortgage, any advances made thereunder, and other obligations; and third, if there by [sic] any surplus, it shall be paid over to the parties legally entitled thereto pursuant to the laws of the State of Alabama.”
This mortgage, which Bernice had her attorney review before she pledged her one-half interest in Cornelius Cove as collateral for the $174,476.25 debt, expressly provided for Bank Independent, upon default, to take possession of all of the property and sell it. There is no dispute that the loan was in default, and we agree with the trial court that Bank Independent acted pursuant to the terms of the mortgage. Furthermore, we agree with the trial court that the provision in the development agreement regarding the division of proceeds from the sale of subdi *718 vided lots was subject to the terms of the mortgage held by Bank Independent.
The foreclosure by Bank Independent complied with the terms of the mortgage. Therefore, the trial court properly entered the summary judgment.
The judgment is affirmed.
AFFIRMED.
MADDOX, SHORES, STEAGALL and KENNEDY, JJ., concur.