RICHARD L. HOLMES, Retired Appellate Judge.
Russell E. Randall, his wife, and his son appeal from the trial court’s order granting S. Allen Dudley’s summary judgment motion in Dudley’s favor.
The Randalls’ claims against Dudley’s son, Scott Dudley, remain pending. The trial court determined that there was no just reason for delay and directed the entry of a judgment in favor of Dudley, pursuant to Rule 54(b), Ala. R. Civ. P. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6).
The Randalls contend that the trial court committed reversible error when it granted the summary judgment motion in Dudley’s favor because, they say, Dudley breached the duty that he owed the Randalls’ son, Christopher. The Randalls also contend that a bicycle with improperly operating brakes is a dangerous instrumentality.
*127 Rule 56(e), Ala. R. Civ. P., provides that a summary judgment is appropriate in situations where no genuine issue of any material fact exists and the movant is entitled to a judgment as a matter of law. It is well settled that the moving party has the burden of establishing that no genuine issue of a material fact exists and that all reasonable uncertainties regarding the existence of a genuine issue of a material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of a material fact exists, then the burden shifts to the nonmoving party to present substantial evidence regarding the existence of a genuine issue of a material fact. Porter, 636 So.2d 682.
We would note that the court must view the evidence in a light most favorable to the non-moving party and that all reasonable doubts must be resolved against the moving party. McClendon v. Mountain Top Indoor Flea Market Inc., 601 So.2d 957 (Ala.1992).
Our review of the record reveals the following pertinent facts: In February 1991 Christopher Randall (Christopher) was an overnight guest in the home of his classmate and friend, Scott Dudley (Scott). At that time, both Christopher and Scott were ten years of age. During this visit, Christopher was injured when the bicycle he was operating collided with an automobile.
The Randalls contend in their complaint that “[d]uring said visit, [Christopher] used and operated a bicycle owned and/or maintained by [Scott] and/or [Dudley], pursuant to their permission to use and operate same.” The Randalls also contend that “[t]he brakes on said bicycle were defective, in disrepair, and/or malfunctioning” and that, “[therefore, [Christopher] was unable to make said bicycle stop.”
The Randalls contend that Dudley knew, or should have known, of the condition of the bicycle brakes and that Dudley’s failure to warn Christopher of the condition of the bicycle brakes constituted negligence and wantonness.
We would note that Christopher’s status on Dudley’s property was that of a licensee — a guest on Dudley’s property with no business purpose. The duty which a landowner owes a licensee is not to injure the individual willfully or wantonly or not to injure the individual negligently after the landowner has discovered the individual’s peril. Hickey v. Charlton, 335 So.2d 389 (Ala.1976).
Dudley made the following pertinent statements in his affidavit filed in support of his summary judgment motion:
“On the morning of the accident, the boys asked if they could go outside and ride their bikes over to another friend’s home. This was not an unusual request and I consented.
[[Image here]]
“At the time of the accident, I had no knowledge whatsoever that the brakes on Richard’s [Dudley’s older son] bike either didn’t work well or did not work at all.”
Russell Randall made the following pertinent statements in his affidavit filed in opposition to Dudley’s summary judgment motion:
“The Saturday following this accident, [Dudley] came over to my house to visit us. During this visit, when we were discussing the accident and [Christopher], [Dudley] made the statement, T knew I should have told him the brakes on the bicycle didn’t work.’ ”
When we view the evidence in a light most favorable to the Randalls, the non-moving parties, we find that there is a genuine issue of a material fact as to whether Dudley knew of the condition of the bicycle brakes and failed to warn Christopher of the condition of the bicycle brakes. Stated another way, there was a genuine issue of a material fact as to whether Dudley negligently injured Christopher after discovering that Christopher planned to ride the bicycle which had brakes that did not work. See Hickey, 335 So.2d 389.
In light of the foregoing, we find that there existed a genuine issue of a material fact as to whether Dudley breached the duty he owed Christopher. Therefore, a summary *128 judgment was not proper under the facts and circumstances of the present case.
While the above is dispositive of the ease, we note that the Randalls also contend that a bicycle with improperly operating brakes is a dangerous instrumentality. We cannot agree.
We would note that in Stanford v. Wal-Mart Stores, Inc., 600 So.2d 234, 238 (Ala. 1992), our supreme court discussed dangerous instrumentalities and cited, with approval, the following quote from Pitts v. Basile, 35 Ill.2d 49, 51-52, 219 N.E.2d 472, 474 (1966):
‘“There are many things used by children that may be said to be unsafe when used for the purpose for which they are intended. A baseball, a baseball bat, a penknife, a Boy Scout hatchet, a bicycle, all have the capacity to injure the user or others in the course of their normal use. They are not, however, to be categorized as “dangerous instrumentalities.” ’ ”
Under the facts and circumstances of the present case, we do not elect to categorize a bicycle with improperly operating brakes as a dangerous instrumentality.
In light of the foregoing, the trial court’s judgment is due to be reversed and remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
REVERSED AND REMANDED.
All the judges concur.