I respectfully dissent. In keeping with our holding inMcClendon v. Mountain Top Indoor Flea Market, Inc.,601 So.2d 957 (Ala. 1992), I disagree with the majority's opinion that the summary judgment was proper in this case because the plaintiff had "a conscious appreciation of the danger posed by the visible condition at the moment the incident occurred." 699 So.2d at 160.
In McClendon, which involved the same defendant as in the instant case, we held that a summary judgment was precluded
because *Page 163 
genuine issues of material fact existed regarding whether the flea market had used reasonable care and diligence to maintain the surface of its premises and whether the plaintiff knew or should have known of risks associated with walking on a gravel and dirt surface.
The facts in McClendon are directly analogous to those in instant case. In McClendon, Charlotte McClendon visited Mountain Top Indoor Flea Market, as she and her family had on many occasions. 601 So.2d 957. McClendon slipped and fell when her left foot slid on loose gravel after she stepped onto the gravel and dirt surface, which was found throughout the flea market. Id. at 958. McClendon argued that Mountain Top had a duty to her, as an invitee, "to provide a means of ingress to and egress from the leased premises that did not pose an unreasonable risk of danger" and "to warn invitees of the dangerous character of the surface." Id. We reversed Mountain Top's summary judgment and remanded the case for further proceedings. Id. at 961.
Like the plaintiff in McClendon, Robbie Lowery, the plaintiff in the instant case, slipped and fell at Mountain Top Indoor Flea Market while walking in a section of the common area that had been excavated for drainage. Lowery argues that Mountain Top knew of what she alleged to be an unreasonably dangerous condition that existed in the graveled common areas. I agree. As of 1988, Mountain Top, which operated only on Sundays, accommodated approximately 1,100 vendors and 30,000 patrons. Mountain Top should have become aware of the danger of its graveled premises in 1988, when the plaintiff in McClendon was injured. In addition, a firefighter, who worked part-time at Mountain Top, stated by deposition in McClendon that several people had fallen on the gravel and dirt surface while he was on duty at Mountain Top. Id. at 960.
It is undisputed that a property owner is not generally liable for injuries sustained by an invitee when the injuries resulted from a dangerous condition that either was known to the invitee or should have been observed by exercising reasonable care. Id. at 959. However, in Marquis v. Marquis,480 So.2d 1213, 1215-16 (Ala. 1985), we held:
 "[N]ot only must the plaintiff have knowledge of the dangerous condition, but the plaintiff also must have a conscious appreciation of the danger posed by the visible condition at the moment the incident occurred. . . . '[W]e have long been committed to the proposition that the plaintiff's appreciation of the danger is, almost always, a question of fact for the determination of the jury.' "
(Emphasis added.)
The fact that the gravel flooring of the flea market was visible to Lowery does not indicate that she appreciated the danger that she was likely to fall, especially when her incident occurred in the common area of the flea market where patrons had to walk in order to gain access to the flea market and no warning signs indicated that the common areas were inaccessible.
While a property owner is not an insurer, I do not believe that our cases stand for the proposition that a landowner can maintain a common area that presents a danger to a pedestrian customer and assert that the danger is open and obvious after the customer sustains a fall, especially when the plaintiff customer, as in this case, was using the area in a safe and cautious manner and in a way reasonably to be expected by the property owner. It is obviously apparent that after the plaintiff found herself in this graveled area, in order to get to another location she had to traverse the graveled area. The implication in this case is that the plaintiff should have sat down and waited to be extricated once she realized that she was on a surface of loose rocks, gravel, and dirt. It is not unreasonable to require a landowner to make reasonably safe an area that is open for use by the general public.
For these reasons, I believe a genuine issue of material fact exists as to whether, at the moment the incident occurred, Lowery consciously appreciated the danger posed by the gravel. This case is like McClendon. The summary judgment in this case was properly reversed and the case properly remanded by the Court of Civil Appeals for a jury to determine whether Lowery appreciated *Page 164 
the danger of Mountain Top's graveled premises.
Therefore, I would affirm the judgment of the Court of Civil Appeals. I agree with that court that a genuine issue of material fact existed as to whether, at the time of the incident, Lowery appreciated the known danger.