MONROE, Judge.
Phillip Reinhardt and Peggy Reinhardt appeal from a summary judgment entered in favor of Farmers Insurance Exchange *967 (“Farmers Insurance”) and its agent, Jerry Reeder. This case was deflected to this Court by the Alabama Supreme Court, pursuant to § 12-2-7(6), Ala.Code 1975. We reverse and remand.
On December 31, 1996, a 1993 Harley-Davidson motorcycle owned by the Rein-hardts was stolen. Peggy Reinhardt (“Peggy”) reported the theft to the police and to Reeder, her insurance agent. The Reinhardts filed a claim under their policy with Farmers Insurance. Farmers Insurance denied the claim, stating, “Our investigation reveals that [Farmers Insurance] did not insure the Reinhardt’s 1993 Harley-Davidson motorcycle when it was stolen” and that Reeder states that “he was never asked to write a policy on this motorcycle.”
The Reinhardts sued Farmers Insurance and Reeder, alleging breach of contract, fraud, and misrepresentation. Farmers Insurance and Reeder answered, denying the allegations. Thereafter, Farmers Insurance and Reeder moved for a summary judgment. The Reinhardts filed a response in opposition to the summary-judgment motion. After a hearing, the trial court entered summary judgment in favor of Farmers Insurance and Reeder. The Reinhardts appeal.
Rule 56(c), Ala. R. Civ. P., provides that a summary judgment is appropriate in a situation where “there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.” It is well settled that the moving party has the burden of establishing that no genuine issue of material fact exists, and it is settled that all reasonable uncertainties regarding the existence of a genuine issue of material fact must be resolved against the moving party. Porter v. Fisher, 636 So.2d 682 (Ala.Civ.App.1994).
Once the movant makes a prima facie showing that no genuine issue of material fact exists, then the burden shifts to the nonmoving party to present substantial evidence creating a genuine issue of material fact. Porter, 636 So.2d 682.
On a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party, and all reasonable doubts must be resolved against the moving party. McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957 (Ala.1992).
The record indicates the following: In August 1996, the Reinhardts obtained insurance coverage for a six-month period on their 1994 Chevrolet pickup truck through Farmers Insurance and its agent, Reeder. When the Reinhardts obtained this coverage, Peggy inquired about rates for insuring a 1993 Harley-Davidson motorcycle, and Reeder provided Peggy with a quote. These facts are undisputed.
Reeder stated in his affidavit filed in support of the summary-judgment motion that although he provided the Reinhardts with an insurance rate quote for the motorcycle, no policy of insurance was ever issued on the Reinhardt’s motorcycle because, he says, the Reinhardts never completed an application for coverage on a motorcycle or paid premiums for insurance coverage on a motorcycle. Reeder also stated that he never told the Reinhardts that there was insurance coverage in effect on the motorcycle.
Peggy testified to the following in her deposition: She faxed information concerning the motorcycle and the desired amount of insurance coverage needed to Reeder a week or two after receiving the insurance rate quote from Reeder. She followed up with a telephone call to Reeder, who told her that he would get full coverage on the motorcycle and that he would apply the insurance-premium money from the 1994 pickup (which the Reinhardts no longer owned) to the insurance coverage for the motorcycle. Reeder never told Peggy that she needed to complete or sign any documents related to the coverage for the motorcycle, but he did tell her that she should receive her policy in six to eight weeks. *968 When she received a premium notice for $11.30, she went to Reeder’s office to find out whether the premium was for the motorcycle .or for a 1986 Pontiac Fiero automobile insured through Reeder. Although Reeder could not tell her exactly what the premium was for, he did tell her that he would look into it and that she should not worry because she had full coverage. Each time Peggy inquired, she was assured that she had full coverage.
When she went to Reeder’s office to report the theft of the motorcycle, Reeder looked at her file and said, “Mrs. Reinhardt, don’t worry. It might take us 30 days, but you’re fully insured. That’s why you have insurance.” As previously noted, the Reinhardts’ claim was denied.
In George v. Associated Doctors Health & Life Insurance Co., 675 So.2d 860, 862 (Ala.1996), our supreme court stated:
“Regardless of whether the representation is made willfully, recklessly, or mistakenly, a plaintiff alleging fraud must prove four elements: (1) a false representation; (2) that the false representation concerned a material existing fact; (3) that the plaintiff relied upon the false representation; and (4) that the plaintiff was damaged as a proximate result of the reliance.”
In Koch v. State Farm Fire & Casualty Co., 565 So.2d 226, 233 (Ala.1990), our supreme court stated:
“ ‘ “The only basis upon which one may recover for fraud, where the alleged fraud is predicated on a promise to perform or abstain from some act in the future ... is when the evidence shows that, at the time ... the promises of future action or abstention were made, the promisor had no intention of carrying out the promises, but rather had a present intent to deceive.” ’ ”
Viewing the evidence in a light most favorable to the Reinhardts, the nonmov-ants, we conclude that there existed a genuine issue of material fact and that Farmers Insurance and Reeder were not entitled to a summary judgment. Thus, the judgment is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
YATES, CRAWLEY, and THOMPSON, JJ., concur.
ROBERTSON, P.J., concurs in result.