THOMPSON, Presiding Judge.
Annie O. Cannon appeals from a summary judgment entered by the Macon Circuit Court in favor of the Utility Board of the City of Tuskegee (“the Board”). For the reasons stated herein, we reverse that judgment.
Considered in light of the standard by which this court reviews summary judgments, see infra, the evidence of record reveals the following facts pertinent to this appeal. The Board provided electrical service to Cannon’s house, which was located at 256 County Road 27 in Tuskegee. Cannon’s account was maintained in the name of her former husband. In February 2005, *147 Cannon’s former husband died. That same month, Cannon requested that the Board change the name on the account to her name. The Board did so.
In May 2005, the Board sent a letter to Cannon in which it indicated that an account in Cannon’s name had existed from 1996 to 2001 for a house located at 360 County Road 27 in Tuskegee (sometimes hereinafter referred to as “the 1996 account”) and that in 2001 the Board had discontinued electrical service under that account for lack of payment. At the time the electrical service was discontinued, the 1996 account had a balance of $175.66. The Board indicated that that balance would be added to Cannon’s new account. In response to the Board’s letter, Cannon disputed that she had ever opened an account on a house located at 360 County Road 27; she alleged that her cousin lived there and that her cousin must have stolen her identity.
In June 2005, the Board turned off the electricity to Cannon’s house after she had failed to pay her electricity bill. In July 2005, one of Cannon’s daughters called the Board, indicated that Cannon was continuing to reside in her house despite the fact that her electricity had been turned off, and requested to know the balance owed on Cannon’s account. The Board informed her that Cannon owed approximately $250. Cannon’s daughter paid that amount, and the Board restored electrical service to Cannon’s house.
By September 2005, Cannon had again accrued a balance on her electricity account. She paid $54.00 that month in partial payment of her account. In October 2005, the Board again canceled electrical service to Cannon’s house for nonpayment of her account. Cannon moved out of her house at that time. When the Board canceled electrical service to Cannon’s house, the Board’s records indicated that Cannon owed $60.52 on her account.
On December 21, 2005, Cannon sued the Board. She alleged that the Board had added improper charges to her account and that it had breached its contract with her when it had discontinued electrical service to her house. She also alleged that, because she is disabled and deaf, she relied on electrical service to power items and to charge batteries that were necessary for her to cope with her disability and hearing loss. In discontinuing the electrical service, she alleged, the Board had acted wantonly.
On January 18, 2008, the Board filed a motion for a summary judgment. It asserted that Cannon had admitted, in her deposition, that her signature was on the documentation that established the 1996 account, that Cannon’s Social Security number appeared on the authorization for the provision of electrical service under that account, and that bills on that account had been sent to the postal address listed on Cannon’s driver’s license and were paid for a number of years before the account became delinquent. The Board argued that it was entitled to transfer the balance due on the account related to the house at 360 County Road 27 to the account placed in Cannon’s name under the contract that Cannon had entered into with the Board when she put the account at her house into her name. The only breach of contract, the Board contended, was Cannon’s failure to pay the balance of her account. Thus, the Board argued, it was within its rights, and not a violation of its contract with Cannon, to terminate her electrical seivice. As to Cannon’s claim of wantonness, the Board contended that, as a governmental entity, it was not capable of forming the requisite mental state to be liable for wantonness.
*148 In response, Cannon asserted that she had testified several times during her deposition that she did not sign any authorization for electrical service at any address other than for her house located at 256 County Road 27 and that her cousin had obtained her signature and had used it to obtain electrical service at the house located at 360 County Road 27. She asserted that the Board’s decision to add the balance due from the delinquent 1996 account related to the house at 360 County Road 27, which led, according to Cannon, to the Board’s discontinuation of electrical service to her house in October 2005, constituted a breach of the contract between the Board and Cannon. Cannon did not respond to that portion of the Board’s summary-judgment motion related to her wantonness claim.
On April 15, 2008, the trial court entered a partial summary judgment in favor of the Board as to Cannon’s wantonness claim. On December 4, 2008, the trial court entered a summary judgment in favor of the Board as to Cannon’s breach-of-contract claim. Cannon filed a timely appeal to the supreme court with regard to the trial court’s summary judgment on her breach-of-contract claim. She did not appeal from the trial court’s summary judgment on her wantonness claim. The supreme court transferred the appeal to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The standard by which this court reviews a summary judgment is the same as the standard for granting a summary-judgment motion. Alabama Elec. Coop., Inc. v. Bailey’s Constr. Co., 950 So.2d 280, 283 (Ala.2006) (quoting McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala.1992)).
“A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly suppoi-ted summary judgment motion, the nonmoving party must present ‘substantial evidence’ creating a genuine issue of material fact — ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ Ala.Code 1975, § 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).”
Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994).
Cannon contends that there was a genuine issue of material fact with regard to whether she was responsible for charges on the 1996 account. She argues that if she did not sign the authorization to establish that account, then the Board violated its agreement with her when it added the balance from that account to the balance of the account that was placed in her name in 2005, and that it further violated its contract with her when it terminated electrical service to her house in October 2005.
In response, the Board contends that, under the terms of Cannon’s contract with the Board, Cannon was liable for the balance that was due on her account, which included the balance on the delinquent 1996 account related to the house at 360 County Road 27. It argues that the delinquent 1996 account was in Cannon’s name, *149 that it was “under” her Social Security number, and that it was “under her admitted signature.” The Board argues that, under Alabama law, it cannot be liable for damages caused by the discontinuance of electrical service to Cannon because her account was delinquent.
Our review of Cannon’s deposition reveals a genuine issue of material fact regarding whether she signed the account authorization to establish electrical service at the 360 Highway 27 address or whether someone forged her signature on that document for the purpose of obtaining electrical service at that address. Although, as the Board argues, Cannon did testify that the signature on the document was hers, she also testified unequivocally that she had never signed any authorization form for the establishment of electrical service for any address other than her own. Considering the broader context of Cannon’s testimony, and drawing the reasonable inferences therefrom in a light most favorable to her, we conclude that a jury could interpret Cannon’s testimony as indicating that, although the signature on the authorization form related to the 1996 account looked like hers, it was not really her signature, and that her cousin or someone else forged her signature to that authorization document.
Thus, there is substantial evidence from which a jury could conclude that the Board was not permitted, by the terms of its contract with Cannon, to add the unpaid balance of the 1996 account, $175.66, to the account that Cannon had placed in her name in February 2005. Cannon’s account showed a balance owed of $60.52 at the time that the Board discontinued her electrical service. When the outstanding balance from the 1996 account is removed from Cannon’s account, however, Cannon’s account would show a credit of $115.14, not a debt. Because a jury could believe that the Board discontinued Cannon’s electrical service at a time when her account, when properly credited, was current, the jury could also conclude that the Board breached its contract with Cannon to provide electrical service to her.
The Board also argues that, at the time that it discontinued electrical service at the 256 Highway 27 address in October 2005, the delinquency from the 1996 account had already been paid off (presumably by the payments Cannon and her daughter had made on the new account), and the only amount owing on Cannon’s account related to service at the 256 Highway 27 address. The record does not reflect that, when the balance from the 1996 account was added to Cannon’s account, the Board continued to treat the 1996 account separately; instead, it appears that the balance from the 1996 account was simply added onto, and became a part of, Cannon’s account balance. As such, when Cannon’s daughter paid $250 in July 2005 on Cannon’s account to reestablish electrical service, she was paying money on Cannon’s behalf that a jury could believe was not properly owed by Cannon. As a result, the Board’s contention is without merit.
Based on the foregoing, we conclude that a genuine issue of material fact precluded the Board from establishing its entitlement to a summary judgment as to Cannon’s breach-of-contract claim. As a result, the trial court erred when it entered that judgment, and, therefore, that judgment is due to be reversed.
REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.